UNITED TELEPHONE COMPANY v. P. H. CLEVELAND *et al.*

NEGLIGENCE — *Evidence* — *Verdict, Not Disturbed.* Where there is sufficient evidence to support the charge of culpable negligence on the part of the defendant, and the jury find the defendant negligent, the verdict thereon, approved by the trial court, will not be disturbed upon the ground that it is against the evidence, or without evidence.

*Error from Sumner District Court.*

THE case is stated in the opinion.

*Gleed & Gleed,* for plaintiff in error.
*McDonald & Parker,* for defendants in error.

Opinion by STRANG, C.: July 3, 1885, the plaintiff, by its agent, H. C. Chipchase, hired of the defendant a team, harness and buggy to drive in connection with the business of said company in and about the repair of its telephone lines in and around the city of Wellington. In driving out of said city along their telephone line leading from Wellington to Hunnewell, the said agent of the plaintiff had to cross State creek, and in crossing the same the team was drowned and the buggy and harness injured. Plaintiffs below demanded

of the defendant below the value of the horses drowned, and $50 damage to the harness and wagon—in all $300—which was refused, and this action was brought in the court below to recover therefor. The case was tried by a jury. Verdict for plaintiffs. Motion for new trial; motion overruled, and judgment for plaintiffs.

The record in this case is badly mutilated. We do not think a trial judge should settle and sign a case-made in the condition in which this one was when settled and signed. When a party makes a case for this court, and omits so much that should have been incorporated therein, and puts so much therein that is foreign thereto, that in order to make it speak the truth it becomes necessary to so alter and mutilate it that it becomes almost or quite unintelligible, the trial judge should refuse to sign it until it is properly made. In this case as made and served, there are ten pages of evidence, and it required thirteen pages of amendments to correct the case so made and make it speak the truth, so that the trial judge would settle and sign it.

There are numerous errors assigned in the case, but most of them are answered by the amendments allowed to the case as served. We will notice but two of the assignments: First, that the verdict is against the evidence. The evidence is meager upon the question of negligence, and what there is in the case seems to have got in rather accidentally than by any orderly attempt to make such proof. There is, however, some evidence upon the question of negligence; and it is the rule of this court, too well settled to require citations in its support, that where there is any proper evidence on a matter in issue before a jury, the verdict of the jury thereon, approved by the trial court, will not be disturbed. The condition of the stream and its surroundings should have put Chipchase on his guard, and thus notified him of the danger to himself and team in crossing the stream at that time. We think Chipchase in his evidence discloses negligence. He testifies that after he had crossed the main stream and reached a branch, the place in which the team was drowned, he found that the

small bridge that was usually there was gone, and yet he drove into the stream. Now it is quite apparent that a stream that requires a bridge to cross it ordinarily could not, with safety, be crossed at such a time, with the water as high and running as swiftly as the evidence shows it was on that occasion. And the attempt to cross at such a time, with the bridge gone, displayed such a want of care and prudence as in our judgment amounted to negligence. One witness testifies that he called to Chipchase and warned him not to attempt to cross the stream. He says he does not know that Chipchase heard him, but that he called loud enough so that he could have heard, and Chipchase does not directly say he did not hear the call of that witness. Chipchase attempts to justify his crossing by reason of the remark of Dr. Barnet, that he had come through. But this remark of the Doctor's was made near the crossing, and the condition of the Doctor's horse and buggy, being dry, should have satisfied Chipchase that Barnet did not mean him to understand that he had crossed the stream. If Chipchase had so understood the Doctor he would have been curious to note how much of the horse and wagon had been buried in the water, that he might have formed some idea as to the safety there was in crossing. Besides, the party in the buggy with Barnet, immediately following Barnet's remark, informed Chipchase that they had not crossed. We think there was evidence to support the charge of negligence. -

It is alleged in the petition in error, but not in the briefs, that the jury was guilty of misconduct. It is perhaps unnecessary to notice this in the absence of any complaint or reference thereto in the arguments. Upon the authority, however, of *Kingsley v. Morse*, 40 Kas. 577, the method in finding the verdict of the jury is not sufficient misconduct to set it aside.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.