[No. 12671.   Department Two. — May 8, 1890 ]

SIMON KULLMANN et al., Appellants, v. JACOB GREENEBAUM et al., Respondents.

Appeal — Modification of Judgment — Special Verdict — Pleadings.— A judgment for plaintiff will not be modified upon appeal so as to conform to a special verdict in his favor, if such special verdict is not supported by the complaint, and the proper judgment was entered in conformity to the cause of action stated in the complaint.

Trover — Conversion of Shares of Stock — Disconnected Fraud — Execution against Person. — In an action for the conversion of shares of stock, where fraud is pleaded in reference to a matter of composition with defendants' creditors, which is disconnected with the conversion of the stock, which is the subject of the action, though the jury may, under special issues submitted to them, find the defendants guilty of fraud, the court cannot properly direct process to issue against the persons of the defendants.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The fraud set out in the complaint, which is referred to in the opinion of the court, related to the securing by defendants of a composition with their creditors, which plaintiffs alleged they were induced to sign under false representations. Further facts are stated in the opinion of the court.

*W. J. Tuska*, for Appellants.

*Jarboe, Harrison & Goodfellow*, for Respondents.

Thornton, J.— The plaintiffs in this case seek a modification of the judgment. They ask the court to direct a modification of the judgment by the court below by ordering that court to enter judgment in accordance with the facts found by the jury, adjudging the defendants guilty of fraud, and directing process to issue against these persons according to law.

This we decline to do, for the reason that the complaint sets up no fraud by defendants of which the plaintiffs can complain.

The action is one for the conversion by defendants of shares of stock belonging to plaintiffs. The other matters pleaded to show fraud show no connection with the conversion, and show no relation between the plaintiffs and defendants setting forth fraud on plaintiffs' rights. The allegations in that part of the complaint are too general and indefinite in regard to fraud to make it appear that defendants have defrauded plaintiffs in regard to the stock alleged to have been converted. If there was any fraud alleged, it was disconnected from the subject of the action, viz., the conversion of the stock.

Inasmuch as the complaint in respect of fraud is insufficient, the court did not err, though special issues were submitted to the jury in not entering such judgment as the plaintiffs now ask. The *allegata* and *probata* do not correspond.

It may be conceded that the court was bound to enter judgment on the verdict of the jury. But under the state of facts above pointed out, the court did not err in disregarding the verdict of the jury in respect to fraud.

It is unnecessary to determine any other questions made on the argument.

The proper judgment was entered.

Judgment affirmed.

SHARPSTEIN, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.