[S. F. No. 1637.  Department One.—December 14, 1900.]

## PORTLAND CRACKER COMPANY, Respondent, v. A. H. MURPHY, Appellant.

ACTION FOR MONEY FRAUDULENTLY APPROPRIATED — PRAYER FOR IMPRISONMENT—GENERAL AND SPECIAL FINDINGS—MONEY JUDGMENT.—Under a complaint alleging fraudulent appropriation of plaintiff's money received by defendant as plaintiff's agent and clerk, and praying judgment for defendant's imprisonment until it is paid, a general finding in favor of the defendant for a less sum is not inconsistent with a special finding against the alleged fraud, and a money judgment may be entered upon such findings, without judgment for imprisonment.

ID.—INSTRUCTIONS CONSTRUED TOGETHER—BURDEN OF PROOF—VERDICT NOT AGAINST LAW.—The instructions are to be construed together as a whole, and where, so construed, they import that plaintiff has the burden of proof upon the whole case, and must win or lose accordingly, but that the verdict may be against him upon the issue of fraud, if he fails to prove it, and yet may be for him upon the money demand, if money had and received by defendant to plaintiff's use is proved, a verdict against the fraud and for a money demand is not against law, though it may be seemingly inconsistent with part of the instructions taken separately.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

Grove L. Johnson, John H. Hansen, and Garret W. McEnerney, for Appellant.

Crittenden Thornton, F. H. Merzbach, J. F. Riley, and Charles H. Jackson, for Respondent.

VAN DYKE, J.—The complaint alleges that the defendant embezzled and fraudulently misapplied and converted to his own use the sum of twelve hundred and seventy-one dollars and ninety-four cents, which had come into his hands in the course of his employment as the agent and clerk of the plaintiff, and the complaint prays that judgment against the defendant may

be had in said sum and for costs of suit; and that the defendant be arrested and held to bail; that judgment may be entered against the person of said defendant; that he be imprisoned until the payment of said sum, and for further relief. Upon the issuance of the summons plaintiff applied for and obtained an order for the arrest of the defendant under section 479, subdivision 2, of the Code of Civil Procedure. The necessary affidavit and undertaking being furnished, the order for arrest was made, and the defendant was thereupon arrested, but was released on the same day upon giving an undertaking as required by section 487 of the Code of Civil Procedure. The answer denies that the defendant embezzled, fraudulently or otherwise misapplied or converted to his own use, the sum of twelve hundred and seventy-one dollars and ninety-four cents, or any other sum which had come into his hands in the course of his employment as the agent or clerk of the plaintiff, or at all. Upon the issues presented the case was tried by a jury, and a general verdict rendered in favor of the plaintiff for the sum of seven hundred and fifty dollars, and also found on the special issue submitted, to wit: "Did the defendant fraudulently appropriate the money of the plaintiff as alleged in the complaint? Answer. No."

Upon the coming in of the verdict the defendant moved the court to enter judgment in his favor upon the ground that the special issue controlled, and that the defendant was entitled to a judgment thereon. The court denied defendant's motion and entered a money judgment in favor of the plaintiff upon the general verdict.

The defendant appeals from the judgment so entered upon a bill of exceptions, and relies for a reversal upon two alleged errors: 1. That upon the verdict the judgment should have been for the defendant; 2. That the verdict is contrary to law in this, that it is contrary to the instructions of the court. The theory of the defendant is that, inasmuch as the plaintiff alleged that the money had been embezzled and fraudulently appropriated, that he cannot recover at all, unless the issue upon such allegation is found in its favor. In this appellant is clearly mistaken. The action is for the recovery of money in the hands of the defendant belonging to the plaintiff, and

whether that money had been embezzled or fraudulently appropriated would not defeat the recovery of a simple money judgment for the amount of money in the hands of the defendant due the plaintiff; but, unless the issue in reference to embezzlement or fraudulent appropriation were found in favor of the plaintiff, it could not recover a judgment for the imprisonment of the defendant until the money found due should be paid, as in this state no person can be imprisoned for debt in any civil action on mesne or final process, unless in cases of fraud.

*Payne v. Elliot*, 54 Cal. 339,[1] was an action for the fraudulent conversion of mining stock. The plaintiff had judgment for the amount of the mining stock so converted, and a further judgment that the plaintiff was entitled to an order of arrest against the defendant until the same should be paid. On appeal it was held "that the court below did not err in overruling the demurrer to the complaint, or in rendering judgment for the plaintiff for the value of the stock and interest thereon from the time of the conversion until the time of the trial, but that the judgment for fraud exceeded the relief to which the plaintiff was entitled by his complaint"; that the averments thereof were not sufficient to support that portion of the judgment. The court below was therefore directed to strike from the judgment the portion in reference to the arrest of the defendant, and, thus modified, the judgment was affirmed.

In *Kullmann v. Greenebaum*, 84 Cal. 98, the plaintiff had a money judgment in the court below, and appealed for the purpose of having the judgment modified by directing the court below to enter judgment in accordance with the facts found by the jury, adjudging the defendants guilty of fraud, and directing process to issue against the person according to law. The court say: "This we decline to do, for the reason that the complaint sets up no fraud by defendants of which plaintiff can complain. . . . . It may be conceded that the court was bound to enter judgment on the verdict of the jury, but, under the state of facts above pointed out, the court did not err in disregarding the verdict of the jury in respect of fraud," and affirmed the judgment.

---

[1] 35 Am. Rep. 80.

*Obersteller v. Commercial etc. Co.*, 96 Cal. 645, is an appeal from a judgment recovered by the plaintiff against the defendant in an action upon a policy of insurance. The answer of the defendant charged fraud on the part of the plaintiff in procuring the policy. In that case there was a general verdict in favor of the plaintiff for the sum of five hundred dollars, and upon the entry of the general and special verdicts defendant moved the court for a judgment for the defendant on the ground that the verdict found fraud upon the part of the plaintiff, which motion was denied; and the court in its opinion says: "The code provides: 'Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly.' (Code Civ. Proc., sec. 625.) This proceeding is not authorized in any other case; and the general and special verdicts in this case are entirely consistent. The special verdict finds the total value of the property insured and destroyed to be the sum of five hundred dollars, and the general verdict is for that sum. If in their special verdict the jury had found the value of the property to be less than five hundred dollars, and had rendered a general verdict for that or a greater sum, it would as clearly be within the provision above quoted as it now as clearly is not. All that can now be said is that the jury found that plaintiff's loss was not so great as he represented it to be. That was favorable to the defendant. We think that finding was not conclusively a finding of fraud on the part of the plaintiff. Standing alone, it shows that he overestimated his property. Whether or not that vitiated the policy of insurance was a question not involved in the motion for judgment for the defendant upon the verdict. That motion, as we have before stated, could not be granted on any other ground than the one specified in the code, viz., inconsistency between the general and special verdicts. The motion was properly denied."

In this case the special verdict was not inconsistent with the general verdict. The complaint set forth a cause of action for a money demand, and also set forth facts which, if proven, would have justified a judgment for the arrest and detention of the defendant until the money judgment should be paid. The jury found in favor of the plaintiff on the issue of the

money demand, although not to the amount claimed, and found
in favor of the defendant on the issue of the embezzlement and
fraudulent appropriation of the money.   Clearly, when the de-
fendant had money in his hands belonging to the plaintiff, the
plaintiff was entitled to a money judgment, although the de-
fendant may not have been guilty of embezzlement or fraudu-
lent appropriation.   And such was the judgment entered in
this case.

The appellant contends that the verdict is contrary to law,
in that it is contrary to the following instruction: "The plain-
tiff has the burden of proving the fraudulent appropriation of
the money by the defendant while acting as its agent; and the
defendant is not required to prove that he did not make such
appropriation.   If the plaintiff has proved by a preponderance
of the evidence that the defendant did make such fraudulent
appropriation, then your verdict must be for the plaintiff, not
exceeding the amount claimed by it in its complaint.   On the
other hand, if the plaintiff has failed to do this, your verdict
must be for the defendant."   But when this instruction is
taken in connection with the other instructions, it will be mani-
fest that the meaning of the court was that, if the plaintiff
failed to prove the fraudulent appropriation, the verdict should
be for the defendant on that issue.   In the other instructions
the court says: "Should you find a verdict for the plaintiff, you
must ascertain the amount of money which the defendant has
fraudulently appropriated, and on this amount the plaintiff is
entitled to interest at the rate of seven per cent per annum
from the time of the conversion fixed in the complaint, to wit,
February 12, 1896, up to the present time.   Should you find
a verdict for the plaintiff, you are requested to answer the fol-
lowing interrogatory: 'Did the defendant fraudulently appro-
priate the money of the plaintiff as alleged in the complaint?'
This interrogatory need not be answered should you find a ver-
dict for the defendant."   In other words, in order to find a
verdict for the defendant, they would have to find that he had
no money in his hands, either fraudulently or otherwise, be-
longing to the plaintiff; but they could find for the plaintiff on
the money demand, and also find for the defendant that the
money had not been fraudulently appropriated; that is to say,

simply a finding for the plaintiff as on a demand for money had and received by defendant to the use of the plaintiff.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.