# Weller & Co. *v.* Camp.    .

*Action for Death of Horse.*

(Decided May 12, 1910.   52 South. 929.)

1. *Pleading; Question.*—The certainty required in a declaration or plea is such a statement of the fact constituting the cause of action or ground of defense as will enable it to be understood by the party who is to answer it, the jury and the court, and the provisions of section 5321, Code 1907, do not impair the substance of this requirement.

2. *Animals; Injury to Horse Hired Out; Complaint.*—The complaint in this case examined and held sufficient as a complaint for injuries to horses hired out.

3. *Same; Conversion of Hired Animal.*—Where the owner of a horse lets him out for a certain purpose, a material departure from that purpose or contemplated use constitutes a conversion for which the bailee will be liable in trover if the horse is injured or destroyed while being so used.

4. *Same; Contract of Hiring; Interpretation as to Use.*—As affecting liability for putting a horse to a use not contemplated by the parties in the contract of hiring, such parties must be held to have had in mind such contingencies only as may and do naturally occur in the course of the use contracted for unless specifically excluded, and the manner of rightful use is to be ascertained from the contract reasonably interpreted.

5. *Same; Conversion; What Constitutes.*—The evidence in this case stated and examined and on the facts it is held that the cause of the injury was not a tort or a breach of the contract of hiring so as to render the defendants liable as for a conversion.

6. *Same; Negligence; Burden of Proof.*—Where an animal is injured while in the possession of the bailee and nothing else appears, the bailee has the burden of showing that it was not injured by his negligence, but where the bailor furnishes his own handler of the animal according to the contract, in this case a driver, the presumption is that the injury was due to the negligence of the bailor's agent or servant, if the injury indicates negligence in anyone, and hence, it is error to charge in such a case that the burden rests on the defendant to show that the horse was not injured by his negligence.

7. *Trial; Issue for Court.*—Where the material facts are undisputed, the issues thereon become a question of law for the court.

8. *Same; Reception of Evidence; Offer of Proof.*—Where a propounded question affords of itself no intimation of the relevancy of the expected answer, the party propounding the question must show that such answer would be relevant before the court can be put in error for excluding the question.

[Weller & Co. v. Camp.]

9. *Evidence; Opinion.*—As to questions which the jury must decide on consideration of the facts in detail mere opinions of a witness are not admissible.

10. *Same; Res Gestae; Remarks of By-stander.*—Where the action was for injury to a hired animal, and the defense was a special plea of the driver's knowledge of the danger, a remark made by a bystander calling attention to the fact which should have influenced a careful driver, in the management of his team, should have been allowed as evidence of the driver's knowledge of the danger of the situation he was in.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by J. T. Camp against Weller & Co. From a judgment for plaintiff, defendants appeal. Reversed.

The first count claims damages for that, on the 11th day of May, 1907, at Birmingham, Ala., the plaintiff, at the special instance and request of defendants, let to hire and delivered to said defendants a certain horse, the property of plaintiff, of great value, to wit, of the value of $750, to be had and used by the defendants for a certain time in that behalf agreed upon by and between said plaintiff and said defendants, to wit, from the 11th day of May, 1907, to the 12th day of May, 1907, and to be redelivered by the said defendants to the said plaintiff after that time, and that said defendants then and there had and received the said horse for the purpose aforesaid, yet the said defendants, not regarding their duty in that behalf afterwards, to wit, on the day and date aforesaid, by themselves, or their servants in that behalf, conducted themselves so carelessly, negligently, and improperly in and about the use of said horse that by and through the mere negligence of said defendants and their servants the said horse was then and there so injured, by the falling upon it by a piece of metal or machinery being hauled by said defendants that it shortly thereafter died and was wholly lost to the plaintiff. Amended count A is in trover. Amended count B states substantially the same facts, with the

[Weller & Co. v. Camp.]

additional allegation that plaintiff hired to the defend-
ants for an agreed consideration two teams, meaning
two outfits consisting of one driver, one wagon, and two
horses, with the express agreement that the defendants
should be, and by the act of hiring did become, abso-
lutely responsible for any injuries which might be sus-
tained by said teams while under hire to the defend-
ants.

W. T. HILL, and JAMES A. MITCHELL, for appellant.
Where one hires a horse to another and as part of the
contract of hiring sends his own servant along to drive
his horse while being used for the hirer, the hirer is not
responsible for an injury to the horse caused by an act of
the driver.—*Hughes v. Boyer,* 9 Watt. 556; *Devoin v.
Michigan L. Co.,* 50 Am. Rep. 649; *Huff v. Ford,* 126
Mass. 24; 2 Cyc. 312. The court erred in not permitting
the remarks of a bystander to be introduced.—*Union
T. Co. v. Cleveland,* 44 Kan. 167. The court erred as to
the burden of proof.—*Leech v. French,* 31 Am. Rep.
296; *Mulaney v. Taft,* 6 Am. St. Rep. 135; 3 Barb. 380;
19 S. C. 30; 3 Campb. 5 note; 12 Ohio Cir. Ct. 753.
The court erred in refusing charge 6.—*Cartledge v.
Sloan,* 124 Ala. 603.

LONDON & FITTS, for appellee. The complaint was
sufficient.—*A. G. S. v. Taylor,* 129 Ala. 238; *L. & N. v.
Marbury,* 125 Ala. 237; *Brock's Case,* 49 So. 453; *Camp-
bell's Case,* 121 Ala. 56; *Miller's Case,* 120 Ala. 535;
*Gray's Case,* 109 Ala. 133; *Chamblee's Case,* 97 Ala.
171. On these authorities the proof was within the is-
sues made by the complaint. Counsel discuss the as-
signments of error relative to evidence, but without
citation of authority. The court's oral charge was cor-
rect.—*Haas v. Taylor,* 80 Ala. 459; 9 Cyc. 217. The

defendant was not entitled to the affirmative charge.— *Ledbetter v. Thomas*, 30 So. 342; *Cartledge v. Sloan*, 124 Ala. 596; *Hooks v. Smith*, 18 Ala. 338. The court properly refused charges 7 and 8.—*Cartledge v. Sloan*, *supra*. Counsel insist that the appellee was entitled to the general affirmative charge on the case made by the pleadings and proof, and hence, if there was error, it was without injury.

SAYRE, J.—In *Posey v. Hair*, 12 Ala. 567, it was said that the certainty required in declaration, or plea, is such a statement of the facts constituting the cause of action, or ground of defense, as will enable them to be understood by the party who is to answer them, the jury who are to ascertain their truth, and the court which is to give judgment. The latter statute (Code, § 5321), which enjoins brevity as far as consistent with perspicuity, and the presentation of facts in an intelligible form so that material issue in law or fact can be taken thereon by the adverse party, has not impaired the substance of the requirement stated in the early cases, though it may be admitted that in some late cases the limit has been reached in permitting the allegation of mere conclusions. No fault is to be found with the complaint in question. It is meritorious as a clear statement of plaintiff's case without the incumbrance of unnecessary detail, and, as to substance, meets every requirement of early case or later statute.

There is no dispute but that the plaintiff hired to defendants two teams, each consisting of a wagon and two horses, to be used by the defendants in hauling heavy castings between the Lynn Iron Works and defendants' place of business in the city of Birmingham. Defendants were to load and unload the wagons. Plaintiff furnished drivers for his teams. Defendants were to

pay for the teams by the hour. At the same time defendants had teams of their own engaged in the same business. All the teams were driven along the customary route between the points indicated. At a point where the paving had been torn up one of defendants' wagons got into a hole or ditch from which the teams was unable to move it. Thereupon the driver of one of plaintiff's teams, who had just had a similar experience at the same place, unhitched his team and took it back to help defendants' team; and because his team would not work in the lead, hitched them to defendants' wagon with defendants' team in the lead. The driver did this of his own initiative, but it is clear that one of the defendants approved and acquiesced. In the effort to extricate the wagon from the hole or ditch the casting fell from the wagon upon plaintiff's horse, killing it. There was dispute as to whether the accident resulted from the negligent manner in which, according to plaintiff's contention, the casting had been placed upon the wagon, and whether negligence of the driver in the management of his team did not cause or proximately contribute to the result. These matters of dispute became thereby questions for the decision of the jury, and appellee contends that upon the facts and tendencies detailed it was a question for the jury whether there had been a conversion of plaintiff's team as alleged in count A of the complaint. And so the court below ruled. But we are of the contrary opinion. Where the owner of a horse lets him to hire for a certain purpose, any material departure from the contemplated use amounts to a conversion for which the bailee will be liable in trover if the horse is injured or destroyed while being so used. —2 Cyc. 312. But this rule proceeds upon the principle that the bailee becomes a wrongdoer by putting the horse to a use not within the contemplation of the par-

[Weller & Co. v. Camp.]

ties when they entered into the contract of hiring. They must be held to have had in mind such contingencies as may and do naturally occur in the course of the use contracted for unless specifically excluded. The manner of rightful use to which defendants might put the horse is to be ascertained from the agreement for hire as rationally interpreted. Mr. Schouler, speaking on this subject remarks that "the leaven of common sense, which keeps our law in constant ferment, is here at work, recalling the injustice of visiting blameworthy and blameless deviation with the same penalties of absolute or insurance accountability. One hires a horse for a given journey, but unexpectedly encounters a friend, and turns off to visit him, using, all the while, a prudent care of the animal; or he finds obstructions in the road, and changes the point of destination to another which must have equally suited his bailor, or he misses his way. Such instances are matters of every-day occurrence." And he suggests that a serviceable defense in such cases lies in a just and reasonable interpretation of the undertaking of bailment itself, which, "if pursued with ordinary prudence, under all the circumstances, ought not to be too literally construed against a bailee who may have found himself in some unforeseen emergency, and, while far from his bailor, obliged to act upon his own judgment. For one who hires may be presumed to have much latitude as to time and methods of enjoyment; and local usage and the good sense of the contract should intrepret favorably, where restrictive use was not clearly specified. If the hiring be general, any prudent use of the thing is permissible; and even if it be particular, terms not fairly meant for exclusion need not warp the hirer's discretion."— Schouler's Bailments, §§ 140, 141. See, also, *Spooner v. Manchester*, 133 Mass. 270, 43 Am. Rep. 514. Here

[Weller & Co. v. Camp.]

the facts were shown without contradiction or contrary inference—the facts as to which there was dispute not being of consequence in this immediate connection— and the issue thereupon became one of law for the decision of the court. Assuming the defendants co-operated in the use of the animal charged as a conversion to the extent which would make that use chargeable to them, we are of opinion that their act in temporarily using the horse as one of a team of four instead of as a team of two to get their wagon over a hard place in the road, under the circumstances shown, did not amount to a tortious breach of the contract of hiring, and that the defendants were entitled to the general charge on the count for trover.

In oral and special written charges the court told the jury that if the horse was in the possession of the defendants at the time of its injury, the burden rested upon them to show that it had not been injured by their negligence. The court was authorized to assume as facts the bailment, and that the horse was injured while in the possession of the bailees, for as to that there was no dispute. And on these facts, nothing else appearing, the statement of the burden of proof would have been free from fault.—*Higman v. Camody*, 112 Ala. 267, 20 South. 480, 57 Am. St. Rep. 33. But there was a circumstance of material qualification which the charge seems to have overlooked. In proving the bailment the plaintiff proved also as a part of the contract an agreement that he was to furnish the driver; and it clearly appeared that he did so. In that situation the presumption must in reason rather be that any injury which came to the animal resulted from the negligence of the driver, if the character of the injury indicated negligence on the part of any one; for, although the bailee had possession in a certain large and

loose sense, that possession was not exclusive. The rule that the burden of proof rests upon a bailee is generally stated of cases in which the bailee has exclusive possession.—*Collins v. Bennett*, 46 N. Y. 490. And it rests upon the consideration that in such cases the facts attending loss or injury must be peculiarly within the bailee's own knowledge. On no other principle can a departure from the rule which requires the plaintiff to make out his case be sustained, and, unless the bailor goes with his property or reserves a certain oversight, as where the owner of a horse rides with the hirer, or the guest at an inn puts his watch under his pillow, or a drover goes on the train with his cattle—instances mentioned in the books—the bailee must have peculiar knowledge. Here the bailor sent his own driver. The safety of a team depends most immediately upon the driver as we know from common experience. The case was the same as if the owner had driven his team, and in such case it seems that common sense and sound law would place the burden of proof upon the plaintiff as it is ordinarily placed where negligence is charged.—*Hughes v. Boyer*, 9 Watts (Pa.) 556. There was error in the charges.

Assignments based upon rulings on the admissibility of evidence need not be treated in detail. It will suffice for a proper disposition of the case here to say that those questions which sought to have witnesses state as mere conclusions—such was the effect of a number of them—whether the casting had been so placed upon the dray as that it would probably fall under circumstances which did intervene and which ought to have been foreseen in the exercise of due care, and whether the driver, to whose negligence the jury were free to refer the accident, was acting under the control of the defendants, were of course properly disallowed. Those questions

the jury were brought to decide upon consideration of the facts in detail.

One ruling may be mentioned. Appellants cite *Telephone Co. v. Cleveland*, 44 Kan. 167, 24 Pac. 49, to prove that a witness, who had been a bystander while the driver was endeavoring to get his wagon out of the founderous place in the street, should have been allowed to testify to a remark made by him to the driver. If the witness had called attention to a fact of the situation which ought to have influenced a careful driver in the management of his team, that would have been allowed to go to the jury under the special plea as evidence of the driver's knowledge of the danger of the situation; but it may well have been that the remark was irrelevant to any issue involved. The question itself afforded no intimation as to the relevancy of the expected answer. The trial court could not be put in error until the party showed that the expected answer would be relevant. The Kansas case contains nothing to the contrary.

For the errors indicated, we are of opinion that the judgment should be reversed and the cause remanded for another trial.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.