[H. H. Hitt Lumber Co., et al. v. Ambrester].

# H. H. Hitt Lumber Co., *et al. v.* Ambrester.

## *Case and Conversion.*

(Decided April 8, 1915. 68 South. 338.)

1. *Animals; Bailment; Violating Contract; Ratification.*—Where one lets an animal for a definite service the putting it to use in a different, unauthorized service renders the bailee liable in trover as for a conversion, the liability being absolute and not dependent upon negligence, and any injury thereto not being an element of the conversion, but going only to the measure of damages; where the bailor, with knowledge of the fact, accepts compensation for the unauthorized use, the original contract for hiring is thereby enlarged to take in the unauthorized use, and the bailor's remedy is an action on the case for negligence.

2. *Same; Acts of Agent.*—Where plaintiff engaged to drive defendant half the distance to a railroad at which point they were to be met by another wagon, and on account of sickness of plaintiff's wife he sent a third person along with defendant, giving him his mule to ride, and the mule died from the effects of the party's going beyond the original contemplated stopping place because of the failure of the other wagon to appear, and the only purpose of sending such driver being to have some one to bring the team back, the rider was the agent of plaintiff and not the agent of defendants in such sense as to render them liable for the injuries to the mule.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by D. I. Ambrester against the H. H. Hitt Lumber Company, and others, in case, for the unauthorized use of a mule, and in conversion. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under the act creating said court.

LAWRENCE E. BROWN, for appellant.

BOULDIN & WIMBERLY, for appellee.

McCLELLAN, J.—Ambrester, the appellee, states his cause of action against the appellants in two counts.

The first is in case for the negligent overworking or overriding of a mule in the defendants' possession as bailees, wherefrom the animal died; and the second is for the conversion of the animal by the defendants as custodians thereof, resulting from an unauthorized use of the animal, wherefrom it died.

(1) The theory of fact upon which plaintiff rests his right to recover in trover is the hire of his animal by or for defendants for a definite service, and the use of the animal for and in a different, unauthorized service; its death attending the unauthorized use. As long since established here, conversion does result from such violation of the terms of the bailment.—*Fall v. McArthur,* 31 Ala. 26; *Cartlidge v. Sloan,* 124 Ala. 596, 26 South. 918; *Weller v. Camp,* 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106. Under such circumstances the liability is absolute, not dependent upon negligence in the use of the animal; and the injury or loss is not an element of the conversion, but only goes to the measure of the recovery.—*Cartlidge v. Sloan, supra.* If the bailor is fully advised of the use, originally unauthorized under the terms of the bailment, to which, pending the bailment, the bailee put the chattel, and thereupon or thereafter receives compensation for the unauthorized use, the unauthorized use is introduced into the contract of bailment just as if that use had been provided for in the original contract.—*Higman v. Camody,* 112 Ala. 267, 274, 20 South. 480, 47 Am. St. Rep. 33; *Rotch v. Hawes,* 12 Pick. (Mass.) 136, 22 Am. Dec. 414. In such case the bailor cannot sustain an action of trover; his only remedy being an action on the case.—*Rotch v. Hawes, supra.*

The evidence here discloses the fact that Ambrester confirmed the extended use of the animal and received compensation for the (originally) unauthorized use of

the animal after being advised of it; thus forbidding a recovery by him on the count in trover. It is the unauthorized use under the contract of bailment, and not the damage consequent thereupon, that constitutes the conversion of the chattel.—*Cartlidge v. Sloan, supra.* There was error in refusing to the defendants the general affirmative charge as to the second count.

Our opinion is that the defendants were erroneously refused the general affirmative charge as to the first count. The considerations leading to this conclusion will be stated.

(2) Ambrester owned two mules and a bugy outfit. The defendants Workman and Bratcher were at his residence, which was remote from the railway running to Decatur, Ala. For a reward Ambrester agreed to convey them a part of the way to the railway; the idea being that these defendants would be met at a point on the route to the railway station by a conveyance from the station for which they would arrange, thus relaying on the journey. The parties appear to have contemplated that these defendants would occupy and drive the buggy, to which one of the animals was to be attached, and that Ambrester would ride the other mule, with the view to bringing the buggy outfit back to his home. After the agreement had been made, Ambrester's wife became ill. Thereupon one Baker, who was a boarder at Ambrester's house, was substituted for Ambrester, to serve as Ambrester would have served had his wife's illness not intervened to change the plan. Baker rode the mule now in question as the agreement contemplated, and the defendants traveled in the buggy. The outfit from the railway did not come to meet the mentioned defendants at any point en route; so, with Baker's consent the defendants drove the mule and buggy on to a

point on the railway, and Baker accompanied them, riding the mule which later died.

As will occur to any one contemplating the facts of which we have given the substance, a quite different case would be presented if the animal dying had been the one driven by the defendants Workman and Bratcher. But the question of liability litigable in this instance arises over the loss of the animal ridden by Baker. No doubt is entertained, on the facts and circumstances disclosed by this record, that Baker was the agent of Ambrester, and not the agent or employee of any of the defendants. The service he was to render under the arrangement was simply that the arrangement contemplated, viz., to ride the plaintiff's mule to the place whereat the defendants would deliver the buggy outfit to him for Ambrester, and then to bring the mule he had ridden and the buggy outfit back to Ambrester. This was the reason for his going. His going was as a substitute for Ambrester, the owner. Over him no authority was conferred on the defendants. He had complete control over the animal he rode. The evidence shows, without dispute, that no suggestion whatever was made to him by the defendants in respect of the speed he should ride, or that he should undertake to "keep up" with the travelers in the buggy. The evidence shows that he rode "ahead" at least a part of the way. It could not be a matter of doubt on this record that, if Baker had negligently ridden down a traveler in the highway, the defendants could not have been held to account for his carelessness as upon the doctrine of respondeat superior; for he was not the omployee or agent of either of them.—*Driscoll v. Towle,* 181 Mass. 416, 419, 63 N. E. 922, and *Weller v. Camp, supra,* may be consulted with profit in this connection.

[Ferguson v. Starkey.]

Furthermore, the complaint avers that the relation of bailee existed with respect to the mule, which the evidence shows was ridden by Baker, the plaintiff's agent. The facts disclosed by the record refute the mentioned allegation of relationship.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C.' J., and·SAYRE and GARDNER, JJ., concur.