(75 South. 332)

LISENBY v. CAPPS. (4 Div. 709.)

(Supreme Court of Alabama. April 26, 1917.)

1. PLEADING ⬤⟿246(1)—AMENDMENT — DETINUE.

Under Code 1907, § 5367, relating to the allowance of amendments, the court properly allowed the complaint in detinue to be amended by the filing of additional counts, one in trover and one in case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 676–678, 681–683.]

2. PLEADING ⬤⟿252(1)—AMENDMENT—EFFECT.

Such amendment, when made, related back in respect to the operation of the statute of limitations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 736–743.]

3. ANIMALS ⬤⟿27 — BAILMENT — REMEDIES — CASE OR TROVER.

Case, and not trover, was the appropriate remedy where plaintiff contended that the defendant, a bailee, had so misused the bailor's ox that it died.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78.]

4. EVIDENCE ⬤⟿213(2) — OFFER OF COMPROMISE.

Testimony of the plaintiff bailor that the defendant told him that the ox, the subject of the bailment, was dead, and that he had come to settle for same, was not objectionable as an offer of compromise, where it did not appear that the settlement attributed to defendant was made either to invite or effect a compromise.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 746.]

5. TROVER AND CONVERSION ⬤⟿38—EVIDENCE.

Where a trover count in a bailor's action charged conversion of the ox, the subject of the bailment, evidence that defendant "said that he skinned the ox and sold his hide" was properly admitted.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 228.]

6. TRIAL ⬤⟿194(15) — INSTRUCTIONS — PROVINCE OF JURY.

Where in a bailor's action to recover for an ox there was evidence that the animal was misused by defendant and died in consequence thereof, a charge that, if the jury believed the evidence, they must find for defendant on a count alleging that the animal was worked when not in a fit condition to be worked, was properly refused, since it was not only bad in form, but invaded the province of the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 465.]

7. TRIAL ⬤⟿251(3)—INSTRUCTIONS—APPLICATION TO ISSUES.

In such case an instruction that the fact that the ox died in defendant's possession did not make him liable unless the death of the ox resulted from overwork or from a diseased condition of which defendant knew when he worked the ox was properly refused as unduly contracting the issues tendered by a count alleging

that the animal was worked when not in a fit condition to be worked.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 590.]

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Detinue by J. W. Capps against Monroe Lisenby. From a judgment for plaintiff, defendant appealed to the Court of Appeals, and the case was transferred to the Supreme Court. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Plaintiff amended his complaint by adding count 2 in trover and count 3 in case, which amendment was allowed over the objection of defendant. The following charges were refused to defendant:

(1) The court charges the jury that, if they believe the evidence in this cause, they must find for defendant on the third count of the complaint.

(3) The court charges the jury that the fact that the ox died in the possession of defendant does not make defendant liable unless the death of the ox resulted from overwork, or unless the ox died because of its diseased condition, which condition defendant had knowledge of at the time he worked the ox.

Lee & Glover, of Abbeville, for appellant. T. M. Espy, of Dothan, for appellee.

McCLELLAN, J. [1, 2] Originally this action, brought by appellee against appellant, was in detinue in a justice's court for the recovery of an ox. From that court the cause went to the circuit court. There the plaintiff was allowed to file additional counts, one in trover and one in case. The amendment was objected to; the objection was overruled; and, latterly, the defendant set up the statute of limitations of one year as a bar to a recovery on the count in case. Under the statute the amendment was properly allowed, and, when allowed, related back to the denial of a premise for the application of the limitation pleaded. Code, § 5367; Wilson v. Ratcliff, 73 South. 84, 197 Ala. 548.

[3] The real controversy between the parties was upon the issues tendered by the count in case. The plaintiff contended that the defendant, a bailee, had so misused the bailor's ox that it died. Case, not trover, is the appropriate remedy in such circumstances. Hitt Lumber Co. v. Ambrester, 192 Ala. 467, 68 South. 338.

[4] The plaintiff testified that defendant told him "that he had had bad luck with the ox; that he had lost it; * * * the ox was dead, and that he had come to settle for him." The defendant moved to exclude the statement of the witness that he (defendant) had come to settle for the ox, on the ground that it was an offer of compromise. It does not appear that the statement attributed by the witness to the defendant was made to either invite or to effect a compromise. All the recital shows is that the defendant acknowledged the death of the animal and came to settle therefor. The familiar rule of evidence whereby offers of compromise are excluded because they are not admissions within the rule cannot be invoked.

[5] On the examination in chief of the plaintiff he was asked this question: "Do you know of your own knowledge about his [defendant's] having the beef sold, or using the hide?" The defendant objected to the question because it called for incompetent, irrelevant, and immaterial testimony, and because the evidence sought did not tend to shed light on the issues in the case. The objection was overruled, the witness answering: "Mr. Lisenby said he skinned the ox and sold his hide." At that stage of the trial the matter sought by the question and the response thereto had a tendency to show the conversion of the animal by the defendant as charged in the trover count; the appropriation by the defendant of the hide of the animal being some evidence of the defendant's assumption of ownership of the animal.

[6, 7] There was no error in refusing the general affirmative charge numbered 1 in the bill of exceptions. It was both bad in form and invaded the province of the jury. There was evidence authorizing the jury to infer that the animal was misused and died in consequence thereof. Charge 3 refused to defendant unduly contracted the issues tendered by the third count, which included the allegation that the animal was worked when not in fit condition to be worked. The hypotheses of the charge were that, in order to recover on count 3, the animal must have been either overworked or worked when in a "diseased condition" of which at the time the defendant had knowledge. The complaint ascribed the wrongful death of the animal to the working of the animal at a time when it had become sick, pending its being worked by the defendant; whereas charge 3 would exonerate the defendant upon the negation of a "diseased condition," which did not necessarily exclude the particular wrong described in the complaint.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.