(85 South. 482)

LOUISVILLE & N. R. CO. v. JOHN W. O'NEILL CO. (6 Div. 36.)

(Supreme Court of Alabama. April 8, 1920.)

1. Appeal and error ⊜655(2)—Bill of exceptions containing evidence intermingled in consolidated cases not prolix.

Where two cases between the parties were tried together by consent, and the evidence pertaining to one cause was intermingled in part with that pertinent to the other, the separation of that referable to one cause from that referable to the other not being practicable, witnesses being the same in both cases, bill of exceptions would not be stricken as offending against circuit and inferior courts rule No. 32, designed to prevent unnecessary prolixity.

2. Appeal and error ⊜2—Act, providing for review on evidence without exception thereto, supersedes local act.

Acts 1915, p. 824, expressly providing that review of court's finding on the evidence may be had on appeal "without an exception thereto," supersedes any local act prescribing a different practice in such respect in "civil causes."

3. Carriers ⊜132 — Burden on consignee to establish averment that goods were damaged while in hands of carrier.

In an action by consignee of goods against delivering carrier, the burden of proof rested upon the plaintiff to establish his averment that the damage to the goods was suffered or permitted "while" they were "being carried by said defendant," and that they were not damaged by consignee's drayman.

4. Evidence ⊜213(4)—Independent fact not within rule forbidding introduction of evidence of compromise negotiations.

The admission of an independent distinct fact is not privileged under the rule forbidding the introduction of evidence created by or resulting from a negotiation for compromise.

5. Evidence ⊜213(2)—Offer to settle claim admissible.

In an action by consignee for damage to shipment, evidence that claim agent of carrier "came and offered me 50 cents on the dollar to settle a claim" was admissible, where there was nothing to indicate that the offer of settlement was made pending or in view of negotiations for a compromise.

6. Evidence ⊜383(7)—Receipt that packed goods were received in good order inconclusive evidence.

Customary receipt given by plaintiff's drayman to carrier's agent, stating that the goods were received in good order, was evidence of an inconclusive character as to the condition of the goods, where the goods, consisting of crockery, were inclosed in crates, and were concealed from view.

7. Carriers ⊜134—Evidence held to sustain finding of damage to goods while in carrier's possession.

In an action by consignee for damage to goods, evidence *held* to sustain finding that goods were damaged while in carrier's possession, and not after delivery to plaintiff's drayman.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Two actions by the John W. O'Neill Company against the Louisville & Nashville Railroad Company, consolidated. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

Appellee failed to make out a case for recovery against appellant. 153 Ala. 274, 45 South. 229. The motion to strike the bill should not prevail. Section 5359, Code 1907, as amended by Acts 1915, p. 824.

Frank S. White & Sons, of Birmingham, for appellee.

The bill of exceptions violates rule 32, Ct. Court Practice, and it should be stricken. 127 Ala. 183, 28 South. 564; 133 Ala. 384, 31 South. 988; 167 Ala. 439, 52 South. 732; 169 Ala. 490, 53 South. 1009. Counsel discuss the merits of the case, but without citation of authority.

McCLELLAN, J. [1] This appellee instituted two actions against the appellant to recover damages consequent upon the injury to or destruction of goods consigned to ap-

pellee from a point in Indiana, the appellant being the delivering carrier. These cases were numbered 9808 and 9809 on the docket of the Jefferson circuit court. By consent of both parties the cases were tried together by the court, without jury; and in both judgment was rendered for plaintiff. Both cases were appealed; and the bill of exceptions in the present record—being case numbered 9808 in the circuit court—contains the whole evidence and proceedings on the single trial of both cases. Motion is made by appellee to strike the bill of exceptions; the grounds urged in brief will be sufficiently indicated in response to the motion. On the joint trial, thus had by consent, the evidence pertaining to one cause was intermingled, in part, with that pertinent to the other. A separation of that referable to one cause from that referable to the other does not appear to have been practicable; the witnesses being the same in both cases. The only fault we observe in the structure of the bill of exceptions is the inclusion in it of matters pertaining to the case tried with this one. In view of this character of consent, trial of the two cases at one time, and of the fact that the witnesses were the same, and of the matter sought to be reviewed (to be later stated), this fault cannot be held for a violation of rule 32 for the circuit and inferior courts (Code 1907, vol. 2, p. 1526). Otherwise the bill does not offend against that rule's design to prevent unnecessary prolixity or needless detail in bills of exceptions.

[2] The act approved September 25, 1915 (Acts, p. 824), expressly provides that review of the court's finding on the evidence may be had on appeal "without an exception thereto." This act supersedes any local act prescribing a different practice in this respect in "civil causes."

The motion to strike the bill of exceptions is not well founded, and is hence overruled.

[3-7] In the complaint filed in the circuit court it is averred that the damage to the goods was suffered or permitted "while" they were "being carried by said defendant." The burden of proof rested upon the plaintiff to establish this averment. That the goods involved in this cause (No. 9808) were damaged when the crates containing them were opened in the store of the plaintiff was clearly proven. It is insisted for appellant that there is an entire absence of evidence tending to establish the quoted averment. Mr. O'Neill, a witness for the plaintiff, testified that the crates or hogsheads containing this crockery had been "wrenched" or "sprung" when they were seen by him in the store; that this condition was such as might be caused by throwing them off a wagon and striking them on the corners, or jarring the car; and also that "Mr. Toliver and the claim agent of the Louisville & Nashville

Railroad came and offered me 50 cents on the dollar to settle the claim." No objection to this matter of proffered settlement was made, nor is any explanation of it otherwise shown in the record. There is nothing to indicate that this offer of settlement was made pending, or in view of, negotiations for a compromise, within the rule forbidding the adduction of evidence created by or resulting from a negotiation for a compromise, but subject to the recognized exception that the admission of an independent, distinct fact is not privileged under the rule. 6 Michie Dig. Ala. Rep. pp. 191–193; Lisenby v. Capps, 200 Ala. 20, 75 South. 332. It was inferable from this offer to settle that the defendant recognized its liability for the damage to these goods—a recognition or admission that the defendant, while transporting the goods, had caused the damage for which it was willing to pay the plaintiff, it was otherwise shown that the streets over which these crates were moved by plaintiff's drayman were smooth. The crockery being inclosed, concealed from the view, the customary receipt, given by the drayman to the defendant's agent, stating that the goods were received in good order, was, under these circumstances, evidence of an inconclusive character. Furthermore, in this connection, there was evidence to this effect: That the representative of the defendant consented that the ascertainment of the condition of these goods should be had when they were uncrated at plaintiff's place of business, and that this course was pursued by the parties. There was therefore evidence inviting the conclusion attained by the court. On this review it cannot be affirmed that the court erred in the premises.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.