DONOVAN, Appellant, vs. BARKHAUSEN OIL COMPANY and another, Respondents.

*November 7—December 3, 1929.*

For the appellant there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *A. B. Fontaine.*

For the respondents there was a brief by *North, Parker, Bie, Duquaine, Welsh & Trowbridge,* attorneys, and *Samuel*

*D. Hastings,* of counsel, all of Green Bay, and oral argument by *Rodney C. Welsh.*

Rosenberry, C. J. A careful consideration of the record in this case leaves us with the same impression which was made upon the mind of the trial court, and that is that the plaintiff is attempting .to assert a conversion of his car for the purpose of getting a new car, which owing to the fact that the manufacture of the type of car in question has been discontinued is impossible for the defendant to purchase. He no doubt has a right to take such a position, but in order to succeed he must bring his contention within established legal principles. The circumstances under which the repairs were made were these : the car was taken to the Buth-Golden Motor Company by the plaintiff; he left it with this company with instructions to let no one touch the car until settlement was made. When the representative of the Buth-Golden Motor Company asked him about the repairs he replied : "It is up to the Barkhausen Oil Company to repair it, they damaged it. I do not want to be responsible." Thereafter the Barkhausen Oil Company directed the repairs to be made. Although the plaintiff may not have known of the making of these repairs and did not acquiesce therein so as to make himself personally liable therefor, the question presented on this appeal is, Does what the Buth-Golden Motor Company did under the situation in this case amount to a conversion? If the making of the repairs constitutes an unauthorized interference with the plaintiff's property, he no doubt was in a position to recover any damages resulting therefrom. The car has remained at all times in the possession of the Buth-Golden Motor Company. Plaintiff testified with regard to the car after it was repaired as follows :

"Up to the time of repairs I knew I could get my car. After the repairs were made, I did. not figure the car was mine. After the repairs were made, I knew I could get my

car, but figured the car not mine. I would not take a damaged car; Barkhausen's man urged me to accept the damaged car and make settlement for the damage. I refused. I wanted a new car."

It appears without dispute that the defendants have never refused plaintiff possession of the automobile, never refused delivery of the same to plaintiff; that plaintiff never saw the car and never called for the car after it was placed with the Buth-Golden Motor Company; that he was repeatedly told his car was ready for him and never came to get it. During the time the car was in the garage the plaintiff was using the car which he had traded in. The Buth-Golden Motor Company understood that the plaintiff desired the use of the car while the new one was being repaired. Plaintiff used the car three weeks and returned it after being requested to do so by the Buth-Golden Motor Company as they had a sale for it. No charges were made by the Buth-Golden Motor Company for the use of the old car.

The parties stipulated that the damage to plaintiff's car due to the collision was $50. It is undisputed that the structure of the car was not in any way altered; that its usefulness was not impaired, and that it was as good after the repairs were completed as before the collision. The damage consisted of the bent fender, slight dent in the body, and the loosening of the rear bumper. The frame was not sprung nor the car otherwise injured. The dent was shallow, easily straightened, and when repainted would not be observed by an ordinary observer.

Acts of conversion are ordinarily classified as follows: (1) a taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; (4) a wrongful detention after demand. *Gulf, C. & S. F. R. Co. v. Pratt* (Tex. Civ. App.) 183 S. W. 103. Plaintiff's claim that the acts of the defendants amount to a conversion must fall in the third category—

an illegal use or abuse of the plaintiff's car. In this case there was no misuse or abuse. The contentions of the plaintiff come down to this: that the acts of the defendants work such a substantial change in the form and nature of the property that, having been done without the knowledge or consent of the owner, such substantial change operated as a conversion. There is no other basis upon which a conversion can be claimed. It seems too plain for argument that what the defendants did worked no substantial change in the form or nature of the car in question. Even if the making of the repairs was, as the trial court said, "an unlawful interference of the plaintiff's rights in his property," it would not and could not amount to a conversion unless and until it had worked a substantial change in the form and nature of the property in question. 38 Corp. Jur. p. 2026 and cases cited; *Jackson v. Innes,* 231 Mass. 558, 121 N. E. 489, 491. The fact that the defendants acted in good faith in doing what they did constitutes no defense because wrongful intent is not an essential element of conversion. *Regas v. Helios,* 176 Wis. 56, 186 N. W. 165. As is said in some of the authorities upon the subject, there is no rule which can be laid down by the application of which it is possible to determine in every case whether the abuse or misuse of property in the possession of a bailee amounts to a conversion. It is, however, generally held that a misuse or abuse of property in the possession of a bailee which the owner is entitled to treat as a conversion must be intentional and inconsistent with the right of the owner in his property. Note to *Bolling v. Kirby,* 21 Am. St. Rep. 815 and cases cited; *De Tollenere v. Fuller,* 1 Mill, Const. Rep. (S. C.) 117, 12 Am. Dec. 616, 621. There is a distinct tendency to relax the strictness of the earlier rules of law respecting the liability of bailees and to hold that slight departures from the terms of the bailment do not amount to a conversion; that the departure must be material and substantial, and in

the event that the bailee has misused or abused the property he is liable only for damages unless the abuse or misuse amounts to a conversion. *Weller v. Camp,* 169 Ala. 275, 52 South. 929.

In this case there is no intentional invasion of the plaintiff's rights. What was done by the defendants or either of them was done in subordination to plaintiff's title. There was no alteration in the structure, appearance, or usefulness of the car in question; no damage was done to the plaintiff's car while in the possession of the Buth-Golden Motor Company. On the contrary it appears without dispute that it was repaired, its usefulness increased, its appearance improved, it was at all times at his disposal, and there has never been the slightest pretext for the plaintiff to claim that the defendants or either of them converted the car in question. The case was based upon a wholly mistaken theory of the law and the trial court correctly disposed of the matter upon the motions after verdict.

*By the Court.*—Judgment affirmed.