## POSEY v. HAIR.

1. A declaration averring that the defendant undertook to collect a *certain debt,* without showing for what sum, is bad on demurrer.

Writ of Error to the County Court of Sumter.

Assumpsit by Posey, suing by *prochien ami,* against Hair. The declaration consists of four counts, the three first of which were overruled, on demurrer, and a verdict for the defendant on the other. The overruled counts are very similar, and one only need be stated, as the same ground for exception exists in all. The cause of action in that is thus stated: For that, &c., on, &c., at, &c., the said defendant, in consideration that the said plaintiff, at the special instance and request of the said defendant, had authorized and empowered the said defendant to settle the amount of a certain debt then due and owing from P. H. Anderson and Lewis Parant, to P. M. Posey, to and for the use of the said plaintiff, and to obtain payment and satisfaction of the said debt from the said Anderson and Parant, he the said defendant undertook, and then and there faithfully promised the said plaintiff, to render an account to the said plaintiff of all monies and securities which he, the said defendant should re-

ceive, for and on account of said debt, and to pay and deliver all such monies, and securities for monies, which the said defendant should receive, for and on account of said debt, and to pay and deliver all such to the plaintiff, when he, the defendant, should be thereunto afterwards requested. Breach, that the said defendant appropriated the said debt to his own use, whereby it became of no use to the plaintiff, and which said debt is wholly unpaid to the said plaintiff, and by reason whereof the said plaintiff is likely to lose the same.

It is now assigned as error, that the court overruled these counts.

HUNTINGTON, for the plaintiff in error, cited Swansey v. Breck, 10 Ib. 533.]

HOIT, contra, insisted, the counts were defective, as no sum or value is stated, and there is nothing from which it can be inferred an action has arisen. [1 Chit. Pl. 271; Ib. 331; Ward v. Harris, 2 B. & P. 266; Andrews v. Whitehead, 13 East, 115; Barton v. Webb, 8 Term, 459.]

GOLDTHWAITE, J.—The certainty which is required in a declaration, or plea, is such a statement of the facts constituting the cause of action, or ground of defence, as will enable them to be understood by the party who is to answer them, the jury who are to ascertain their truth, and by the court which is to give the judgment. [Chit. Pl. 212.] Nor will the introduction of the words *certain debt*, or *certain sum*, be of any avail, if the debt or sum is not otherwise sufficiently stated. [Ib. 216.] The counts overruled are clearly deficient in this kind of certainty, and therefore the demurrer was properly sustained.

Judgment affirmed.