# Western Railway of Ala. *v.* Turner.

## *Killing Animal.*

(Decided Feb. 9, 1911. 54 South. 527.)

1. *Railroads; Killing Animals.*—Where the action was by a person not in the employ of the railroad, and was for killing animals, the complaint need not allege or aver the name and position of the defendant's servant or agent operating the train causing the injury.

2. *Same; Negligence.*—Where the evidence for plaintiff indicated that the mule was on the track sometime before being knocked off, and the jury were authorized to infer that the mule was seen in time for the engineer to have stopped the train before striking him, there was sufficient proof of negligence to entitle plaintiff to recover.

3. *Pleading; Demurrer; Construction.*—Where the demurrer took the ground that the complaint did not sufficiently aver when the injury occurred, it cannot be construed as raising the question that the complaint did not sufficiently aver where the injury occurred.

4. *Evidence; Hypothetical Question.*—In an action for killing a mule, and in the absence of evidence that the steam had been cut off or that the train was going at its own momentum, it was not error to refuse to permit defendant to show hypothetically how far a train would go at the point in question of its own momentum.

5. *Witnesses; Impeachment; Rebuttal.*—Where the defendant offered evidence that one of the witnesses for plaintiff stated that he had received pay from the defendant to come to court and testify in plaintiff's favor, it was competent for plaintiff to testify in rebuttal that he had not paid any witnesses anything to testify.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Action by S. W. Turner against the Western Railway of Alabama for damages for killing a mule. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is as follows: "(1) Plaintiff claims of the defendant, the Western Railway of Alabama, a corporation operating a railroad in Macon county, Alabama, the sum of $200, for that, whereas, the plaintiff was, on, to wit, the 27th day of September, 1909, the owner of a dark iron gray mule, which defendant company killed on said date about 1 3-4 miles east of Chehaw, Alabama, a station on defendant's line of said railway in said county; and plaintiff avers that the engine that was attached to the train of cars was so negligently operated by defendant's agent that the plaintiff's mule was killed; and plaintiff avers that said mule was killed on account of said negligence to plaintiff's damage," etc. "(2) Plaintiff claims of defendant the sum of $200, for that, whereas, on or about the 27th day of September, 1909, the defendant killed one dark iron gray mule, the property of the plaintiff, in Macon county, Alabama, through and by means of negligence or want of skill on the part of the defendant's agents in the management and running of its said locomotives, cars, or trains. (3) Plaintiff further claims of defendant the sum of -200 as damages, for that, whereas, on or about the 21st day of September, 1909, the defendant did, because of negligence, or for the want of skill of defendant's employes in the management or running of said train, locomotives, or cars, kill one mule, the property of plaintiff, in Macon county, Alabama. Wherefore he sues."

GEORGE P. HARRISON, for appellant. Complaints against railroads for injury to animals should state the time and place of the injury.—*L. & N. v. Schafer*, 78 Ala.

[Western Railway of Ala. v. Turner.]

567; *E. T. V. & G. v. Carless,* 77 Ala. 443. The complaint was also too uncertain and inadequate because charging negligence in alternative, and in this instance in shifting the right of action from one ground to another, and stating the breaches of duty in the alternative or disjunctively.—*H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 419; *Andrews v. Flack,* 88 Ala. 294; Section 4321, Code 1907. The court should have permitted the expert to show how far the train would move of its own momentum on the grade at that place.—*R. R. Co. v. Lynn,* 103 Ala. 134; *L. & N. v. Stewart,* 128 Ala. 330. The witness should have been permitted to state how the tracks compared with the feet of the mule.—*Bush v. The State,* 77 Ala. 66; *James v. The State,* 104 Ala. 22. The court erred in permitting the plaintiff to state that he had not hired any witnesses. The court should have given the affirmative charge for the defendant.—*Moody's Case,* 90 Ala. 46; *Caldwell's Case,* 83 Ala. 196; *C. of Ga. v. Maine,* 143 Ala. 150; *Southern v. Hogue,* 141 Ala. 352.

H. P. MERRITT, for appellee. The court properly overruled the demurrers to the complaint.—135 Ala. 336; 143 Ala. 367; 5 Mayf. 714-5. In the absence of evidence that the steam was shut off or that the train was moving of its own momentum, the court properly sustained objection to the question as to how far it would move on that grade of its own momentum. The cases cited by appellant destroy his contention that the witness should have been permitted to state how the tracks compared with the feet of the mule. Counsel discusses other assignments of error, but without citation of authority.

ANDERSON, J.—The complaint did not have to aver the name and position of the defendant's servants in

operating the train; this suit being by a person who was not an employee.—*Birmingham Ry. v. City Stable Co.,* 119 Ala. 615, 24 South. 558, 72 Am. St. Rep. 955; *Abingdon Mills v. Grogan,* 167 Ala. 146, 52 South. 596. Good pleading should require a more specific designation of the place of killing the mule than is set out in counts 2 and 3 of the complaint, but this point, while argued, is not raised by the demurrers. There was evidently an attempt to do so, but the demurrer as contained in the record says the complaint does not show with sufficient certainty "when" said injury occurred, and the word "where" was evidently intended, but we must read the record as it appears, and the said counts do aver when the injury occurred. Neither does any demurrer make the point that the act or omission causing the injury is in the alternative or disjunctive.

We do not think the trial court erred in refusing the general charge requested by the defendant. The plaintiff introduced evidence tending to show that the mule was on the track some time before being knocked off, and the jury could infer that the mule was seen in time to have stopped the train before striking him. The train was going rapidly, and the engineer was looking ahead, and the jury could infer that the engineer saw the mule far enough back to stop the train. It is true the engineer claims that the mule came suddenly on the track and near a cut and too late to stop the train, but he does not show that the mule could not have been seen if on the track some length of time, as claimed by the plaintiff, and the jury could infer that the mule was on the track some length of time and long enough for the engineer to have discovered him, when far enough back to bring the train to a stop or so check the speed as to enable the mule to escape.

[Rodgers v. Harper & Moore.]

The trial court will not be put in error for not permitting the defendant to show how far or how fast the train would go at the point in question of its own momentum and with the steam cut off, for at the time the ruling was made there was no proof that the steam had been cut off and that the train was going of its own momentum.

The plaintiff had the right, in rebuttal, to testify that he never paid any witness to come to court and swear in his favor as to any particular fact. It was proven by the defendant that one of the witnesses for the plaintiff made such a statement, but which he denied, and this evidence not only went to the credibility of the plaintiff's witness, but to his own credibility, and he had a perfect right to disprove the charge of bribing or subornating a witness. We do not wish to commend the form of the question, but the evidence was perfectly legitimate and proper.

There is no merit in the other assignments of error.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.