(100 South. 125)

**ALABAMA GREAT SOUTHERN R. CO. v. SHEFFIELD. (7 Div. 468.)**

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

**Railroads ⬥439(2)—Averment of place of injury to dog held insufficient.**

The averment that "on or about, to wit, the 22d day of April, 1922, defendant was operating a railroad in * * * St. Clair county, Ala., through and near Caldwell in said county and * * * negligently ran a train over * * * plaintiff's dog," *held* insufficiently definite as to the place of injury.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Action for damages by J. P. Sheffield against the Alabama Great Southern Railroad Company, for the negligent killing of a dog. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Goodhue & Lusk, of Gadsden, for appellant.

The counts do not acquaint defendant with the place at which the injury occurred, and were subject to demurrer. West. Ry. v. Turner, 170 Ala. 643, 54 South. 527. It was not sufficient for plaintiff to show that there was a railroad track and that defendant, among other roads, operated over it. The affirmative charge should have been given for defendant. Hayes v. A. B. & A. & A. R. Co., 17 Ala. App. 220, 84 South. 556; Sou. Ry. v. Negron, 198 Ala. 454, 73 South. 14; L. & N. R. Co. v. Brewg. Co., 150 Ala. 390, 43 South. 723, Ill. Cen. v. Bottoms, 1 Ala. App. 302, 55 South. 260.

Conley Merchant, of Ashville, for appellee.

Counts 3 and 4 were sufficient as against demurrer. T. A. & G. R. Co. v. Daniel, 200 Ala. 600, 76 South. 958; Sou. Ry. v. Harris, 207 Ala. 534, 93 South. 470; Code 1907, § 5321; Weller & Co. v. Camp, 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106. The affirmative charge was properly refused. Sou. Ry. v. Harris, supra; L. & N. R. Co. v. Watson, 208 Ala. 319, 94 South. 551; A. G. S. R. Co. v. Wedgworth, 208 Ala. 514, 94 South. 549; Code 1907, § 5476.

THOMAS, J. The trial was had on counts 3 and 4, to which demurrers were interposed and overruled.

In Western Ry. of Ala. v. Turner, 170 Ala. 643, 54 South. 527, the observation is contained that good pleading would require "a more specific designation of the place of killing the mule than is set out in counts 2 and 3 of the complaint." The averments of place in that case were (count 1) "about 1¾ miles east of Chehaw, Ala., a station on defendant's line of said railway in said county," etc., and, in counts 2 and 3, "in Macon county, Ala." The sixth ground of demurrer in the instant case challenged the sufficiency of counts 3 and 4 for that said counts fail "to aver or show at what point or what place the said dog was killed." The averment of the place of the injury is insufficiently stated in each of said counts—"on or about, to wit, the 22d day of April, 1922, defendant was operating a railroad in the northern judicial division of St. Clair county, Ala., through and near Caldwell in said county and defendant's agents, servants, or employees, while acting in the line and scope of their employment as such agents, servants, or employees, negligently ran a train over, against, or upon plaintiff's dog," etc. The defendant was not properly acquainted of the place of injury, so as to prepare the defense, as was pointed out in the Turner Case, supra. Weller & Co. v. Camp, 169 Ala. 275, 278, 52 South. 929, 28 L. R. A. (N. S.) 1106. The ground of demurrer in Tennessee (A. & G. R. Co. v. Daniel, 200 Ala. 600, 76 South. 958), was not the same as that contained in the sixth ground of instant demurrer. So of South. Ry. Co. v. Harris, 207 Ala. 534, 93 South. 470. The reports of the Daniel and Harris Cases, supra, fail to disclose the grounds of demurrer assigned. We have re-examined the records, and find the respective counts questioned were not on the ground of an indefinite statement of the place of the injury. The demurrer should have been sustained to counts 3 and 4.

━━━━━━━

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The testimony on the question of value was sufficient to submit the damages to the jury. Code 1907, § 3960; Hill Gro. Co. v. Caldwell (Ala. Sup.) 99 South. 354;[1] Obear-Nestor Glass Co. v. Mobile Drug Co., 208 Ala. 618, 620, 95 South. 13; Bromberg & Co. v. Norton, 208 Ala. 117, 120, 93 South. 837; Ala. Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 South. 833, Ann. Cas. 1917C, 878; Millsapp v. Woolf, 1 Ala. App. 599, 607, 56 South. 22.

When the affirmative charge should or should not be given has been frequently before the court. McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135. Some of the testimony was definite, to the effect that the road and trains were the Alabama Great Southern Railroad Company's "road and trains." The affirmative charge was properly refused, as a jury question was presented.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.