# CHARLESTON.

JEFF WILLIS v. NORFOLK & WESTERN RAILWAY Co.

Submitted May 29, 1924.   Decided June 16, 1924.

1. RAILROADS—*Engineer and Fireman Must Keep Lookout to Discover Animals on Track to Use Ordinary Care to Prevent Injury.*

    It is the duty of the engineer and fireman of a railway engine to keep a careful lookout on the track to discover animals upon it, and to use ordinary care to avoid injury to them.   (p. 648).

2. SAME—*Negligence in Killing of Cow Held for Jury.*

    Where an action is instituted against a railway company for the negligent killing of a cow while straying upon its tracks, and the proof shows that the cow was killed by an engine of the defendant while she was attempting to cross its tracks, the plaintiff must show by a preponderance of the evidence that the servants of the defendant, engaged at the time in operating said engine, were guilty of negligence, and that such negligence was the proximate cause of said killing; but where the evidence of the plaintiff and that of the defendant is in conflict, that of the plaintiff showing such negligence, and that of the defendant showing that there was no negligence upon the part of defendant's servants at the time the cow was killed, and there is a demurrer to plaintiff's

evidence, the demurrer should be overruled unless the evidence of the defendant so clearly preponderates that a verdict for the plaintiff would be set aside if the facts had been submitted to the jury.  (p. 651).

3.  EVIDENCE—*Evidence of Nonexpert Stating Facts Observed and Experienced Admissible, Though Introduced to Prove Fact Ordinarily Provable by Expert Testimony.*

Evidence of nonexpert witnesses who state facts coming under their observation and experience, touching upon a question being inquired into, and who do not give an opinion upon the question;. is admissible although said statements are introduced to prove a fact that ordinarily can only be proven by expert. testimony.  (p. 648).

MILLER, JUDGE, absent.

Error to Circuit Court, McDowell County.

Action by Jeff Willis against the Norfolk & Western Railway Company.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*F. M. Rivinus,* and *Strother, Sale, Curd & Tucker,* for plaintiff in error.

McGINNIS, JUDGE:

This is an action instituted before a justice of the peace of McDowell County, the basis of which was the negligent killing of a cow by the defendant which was the property of the plaintiff, in which the plaintiff claims judgment for the sum of $100.00.  The case was tried and dismissed by the justice and appealed to the Circuit Court of said county and tried there, and the defendant demurred to plaintiff's evidence, which demurrer was overruled by the court and judgment rendered for the plaintiff for $125.00.

It appears from the evidence that this cow was killed on the 8th day of December, 1922, at about 10 A. M. by one of the defendant's engines which was attached to a passenger train, consisting of three passenger coaches and a baggage car, which was going up grade between McDowell and Ashland, two stations on said railway.  The basis upon which the plaintiff's case is predicated is the culpable negligence

of the servants of the defendant, and the burden rests upon the plaintiff to show such negligence.

From the evidence of the plaintiff's witnesses, it appears that the track is practically straight, from the point where the cow was killed in the direction the train was coming at the time, for a distance of twelve rail lengths (360 feet), it being admitted that the rails were 30 feet long. The train was running at the rate of about 15 miles an hour and the cow got on the track when the engine was about four rail lengths (120 feet) from her. She was attempting to cross the track and had stepped her front feet across the rail when she was struck. The cow came up a steep bank to the railroad track following two other cows that had crossed the track immediately in front of her. There is no evidence that the cow could have been seen approaching the track before she got up this bank, which was evidently a fill made for the track. One witness states that when she got up this bank she was in two feet of the track. Plaintiff's witnesses state that the cow could have been seen by defendant's employees on the engine had they kept a careful lookout, and the train could have been stopped before it got to the point where the cow was struck, if the engineer had used ordinary care to prevent the accident, at least that is the effect of the testimony of the plaintiff, if the evidence of the plaintiff's witnesses on the question as to whether or not the train could have been stopped by the engineer after the cow was in a position where she could have been seen by him.

It is clear that the testimony of the plaintiff showing the track was straight for 360 feet is admissible, but that seems to be immaterial. The crucial question is, could the servants of the defendant, by keeping a careful lookout, have seen the cow when she approached the track, and by the use of ordinary care stopped the engine and prevented the accident? The engineer blew two blasts of the whistle immediately before the cow was struck, but for what reason does not appear; whether these blasts were blown to frighten the cows off the track which had passed over it before the cow that was killed came on the track or for the purpose of frightening the cow off the track which was killed. The evidence, as it must be construed upon the demurrer, is that the track from where

this cow got on the track to the engine was practically straight and the cow got on the track four rail lengths (120 feet) in front of the engine. If the track was straight, the cow could have been seen by the engineer, if he had kept a careful lookout, at the time she got on the track, and the sole question then arises, could the train have been stopped in that distance by the use of ordinary care upon the part of those who were operating the engine? The testimony shows that a train of the same length coming at the same rate of speed and running in the same direction had been stopped several times at or near the point where the cow was killed within a distance of 65 feet after being flagged at different times by the plaintiff and witness Walker. The defendant insists that this evidence is not admissible to show the distance within which this train could have been stopped at the point where the cow was killed. The defendant introduced the fireman who was firing the train at the time of the accident and did not see it. He stated that he had had 25 years' experience as a locomotive fireman. This witness testifies that the point where the cow was killed is on a curve and that the curve was against the vision of the engineer. He was not asked as to the distance the train could have been stopped. He states that the engineer ought to be able to see thirty feet *or more* ahead of his engine. The engineer was not sworn and no explanation is given for not introducing him as a witness.

We have examined the authorities cited by the defendant's attorneys, and many others, on the admissibility of the evidence of the witnesses who testified that they had signaled this train at the point where the cow was killed on several occasions and had seen this train stopped by the engineer within 65 feet from the point where the signal was first given, the train going in the same direction and at the same rate of speed, and we do not think the authorities cited or the authorities we have examined justify the exclusion of this testimony, and especially in view of the fact that the defendant had introduced the fireman who was on the engine at the time of the accident, a person of 25 years' experience in firing engines. The man whose duty it is to keep a careful lookout on his side of the engine when not engaged in his other duties,

and to warn the engineer of obstructions on the track, a man who doubtless had not only himself used the appliances necessary to stop an engine but had observed the engineer apply them many times. He could have answered the question and told the jury and the court whether or not this train could have been stopped within four rail lengths, and the defendant failed to ask him within what distance this train could have been stopped. He stated that the engineer ought to have seen thirty feet or more in front of the engine, but he does not state within what distance the train could have been stopped. In the case of *M. A. & B. Railway Company* v. *Stewart,* 30 Kansas, 226, cited by the defendant, it is held:

> "A person not connected with the management of a train of cars, or having such experience in the running of trains and in checking their speed as entitles him to speak as an expert, is not a competent witness to answer "How long does it take to stop a train?"

The non-expert witness in the case referred to was asked, "How long does it take to stop a train?" He answered telling the distance it takes to stop a train, and the court in its opinion says:

> "But the question objected to was one which could only be answered by a person of experience in the running of trains and in checking their speed or by one who had such opportunities as entitled him to speak as an expert."

In this case it was urged that this evidence was not prejudicial because another witness more familiar with the circumstances, testified in the same manner without objection, and the court, in passing upon that point, said:

> "Upon examination of the record we find that this statement is not fully sustained; Allen, the witness referred to, was not asked, 'how long does it take to stop a train?' but did testify, 'I give the signal and they (the trains) generally stop in 100 yards.' He testified to a fact coming under his observation but gave no opinion."

The witnesses testifying upon this point in the instant case were testifying to facts coming under their observation, and

we think, under the circumstances, the evidence detailed by them was competent, and aside from this evidence, could not the jury reasonably infer that the train could have been stopped in time to avoid the accident from the other facts detailed by the evidence, the train was running only fifteen miles an hour up grade and the engineer had one hundred and twenty feet within which to stop the train after the cow got on the track at a point where she could have been seen by the engineer had he been keeping a careful lookout? We think they could. *Railway Company* v. *Tanner,* 170 Ala. 643.

Upon the demurrer to the evidence in this case, we think the lower court did not err in overruling the demurrer and entering judgment on the conditional verdict found by the jury. We think the plaintiff made out a prima facie case and that the evidence of the defendants, while upon some points is clearly contradictory, it does not sufficiently preponderate to authorize the court to sustain the demurrer to plaintiff's evidence.

> "Where plaintiff's evidence sustains his case and the defendant demurs thereto his conflicting evidence will be ignored and the demurrer overruled, unless the evidence of the demurrant so clearly preponderates that a verdict for the plaintiff would be set aside." *Chafin* v. *Railway Company,* 80 W. Va. 703; *Kelly* v. *Railway Company,* 58 W. Va. 216.

The ruling of the lower court in overruling the demurrer to the plaintiff's evidence and entering judgment on the conditional verdict of the jury is affirmed.

*Affirmed.*