(105 So. 661)
**LOUISVILLE & N. R. CO. v. WHITLEY.**
(7 Div. 583.)

(Supreme Court of Alabama. Oct. 15, 1925.)

**1. Railroads** 439(2)—Complaint held bad on demurrer as not stating place of injury with certainty.

Count alleging that injury causing death of plaintiff's dog, run over by defendant's train, occurred at point about three miles from Sylacauga in Talladega county, held bad on demurrer as not stating place of injury with sufficient certainty to enable defendant to prepare its defense.

**2. Evidence** 489—One who has had opportunity to form correct opinion may testify as to value of dog.

One need not be an expert or dealer in dogs to be qualified to testify as to their value, if he has had opportunity to form correct opinion; direct testimony as to market value being in nature of opinion evidence under Code 1923, § 7656.

**3. Appeal and error** 1056(1) — Overruling objections to questions as not calling for reasonable market value of dog in community in which kept held not available error.

Court will not be placed in error for overruling objections to questions as to value of dog killed by train as not calling for reasonable market value at time in community in which plaintiff lived and kept dog. where defendant had ample opportunity to cross-examine witnesses as to such matter.

**4. Railroads** 446(1)—Negligence as to dog held for jury.

Whether death of dog run over by train was caused by negligence of railroad through its agents, servants. or employés, acting within line and scope of their employment, held for jury on conflicting evidence.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Action by J. C. Whitley against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

Knox, Dixon, Sims & Bingham, of Talladega, for appellant.

The complaint is not sufficiently definite as to the place of injury. A. G. S. v. Sheffield, 211 Ala. 250, 100 So. 125; W. Ry. of Ala. v. Turner, 170 Ala. 643, 54 So. 527. Defendant was entitled to the affirmative charge. N. C. & St. L. v. Jones, 209 Ala. 250, 96 So. 79.

C. S. Ellis, of Miami, Fla., for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a suit by J. C. Whitley against the Louisville & Nashville Railroad Company for damages for negligently killing his dog. There was judgment by the court in favor of plaintiff based on a verdict of the jury in his favor, and from this judgment defendant has prosecuted this appeal.

[1] There is only one count in the complaint, to which the defendant demurred on the ground it does not sufficiently appear from such count at what point or place the alleged injury took place. This demurrer was overruled by the court. This count alleges the injury causing the death of the dog occurred "while the defendant was running one of its engines and train of cars through said Talladega county, Ala., and at a point about 3 miles from Sylacauga in said county." This is the only averment therein indicating the place where the dog was injured and killed. This count does not allege whether the point or place of the injury or killing of the dog was about 3 miles east or west or north or south of Sylacauga. It avers it was "at a point about three miles from Sylacauga in said county." The place of the injury is not stated with sufficient certainty and definiteness as to acquaint the defendant with it so it could prepare its defense. This defect in the count was pointed out by the demurrer, and the trial court should have sustained and not overruled it. Western Ry. of Ala. v. Turner, 170 Ala. 643, 54 So. 527; A. G. S. R. R. Co. v. Sheffield, 211 Ala. 250, 100 So. 125; Weller & Co. v. Camp, 169 Ala. 275, 278, 52 So. 929, 28 L. R. A. (N. S.) 1106.

[2, 3] One need not be an expert or dealer in dogs in order to be competent and qualified to testify as to their value; but he may testify as to the value of the dog if he has had an opportunity for forming a correct opinion. Direct testimony as to the market value is in the nature of opinion evidence. Section 7656, Code 1923; section 3960, Code 1907. Each witness who testified as to the value of

the dog showed he was competent; each knew the dog; and each had sufficient opportunity for forming a correct opinion as to its value; and the court did not err in allowing them to state, in their opinion, what was the reasonable market value of this dog at the time he was killed. The plaintiff lived and kept the dog at Sylacauga, and it was killed near there. It is true the questions propounded did not call for the reasonable market value of the dog at the time he was killed in that community. The questions should have been asked substantially in that form, but the court will not be placed in error for overruling the objections of defendant to the questions, for it had ample opportunity on cross-examination to secure from the witnesses their opinion as to the reasonable market value of the dog at the time of its death in the community where it was killed and kept by the owner, if their evidence on direct examination was not so intended by them. 6 Michie, Dig. p. 487, §§ 370–375.

[4] The plaintiff and others, on the night of February 21, 1924, went fox hunting. They had this dog and others in an automobile. When they reached a place about 2 or 3 miles from Sylacauga and 400 or 500 yards from the defendant's railroad track they turned the dogs loose, and the dogs went a trail towards the railroad track of defendant. In a few minutes a passenger train of the defendant passed. It gave 8 or 10 short blasts of the whistle for something on the track. Plaintiff went to the track, following the trail, and found his dog dead on the track, cut in two across its body. This place on the track where he found the dog was about 150 yards from where the trail went on the track. "The dog was killed just before it hit the curve. The track for a distance of a quarter of a mile stretch you can see a dog or any thing on the track without any reference to a curve." The dog was found in that condition on the railroad track. This was the tendency of some of the evidence for plaintiff. The engineer of the defendant, in charge of the engine of that train on that night, testified in part as follows:

"Yes, sir; I remember seeing some dogs up near Gascot on that night. I saw two dogs ahead of me, as I started to blow the whistle I saw they were clearing, and I did not blow the whistle. I started to blow the whistle, and the dogs got across the track, and I did not blow. I did not see any other dogs. If my engine ran over any dog I did not feel any jar or shock. I could see up ahead of the engine up the track with the headlight. The two dogs I saw were about 150 yards ahead of me. I saw no dog go under the engine. I oiled that engine when I got to Talladega and again at Anniston. I did not discover any indication on the engine that the engine struck a dog. There was no blood or any stain or anything about it. I do not know whether a dog ran under the engine or train. One did not go under the engine or train along there. There is a road crossing there a quarter of a mile south of where I am told the dog was found. I didn't blow at any dog. I gave the usual blow of the whistle for the road crossing, and that was a little more than a quarter of a mile from where the dogs were."

From this and other evidence, not necessary to be mentioned herein, the court did not err in refusing to give the general affirmative charges requested in writing by the defendant. A jury question was presented by the conflicting evidence on the issue whether the death of the dog was or not caused by the negligence of the defendant through its agents, servants, or employés while acting within the line and scope of their employment. A. G. S. R. R. Co. v. Sheffield, 211 Ala. 250, 100 So. 125.

For the error mentioned, the judgment is reversed and the cause remanded. A. G. S. R. R. Co. v. Sheffield, 211 Ala. 250, 100 So. 125.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.