(110 So. 718)

## BUGG v. GREEN. (6 Div. 719.)

(Supreme Court of Alabama. Dec. 9, 1926.)

**1. Railroads ⬳439(2)—Complaint showing animal was killed at or near named railroad station held sufficiently certain as to place (Code 1923, §§ 10004-10006).**

In action against railroad, complaint showing that described animal was killed about named date at or near a named railroad station of defendant *held* sufficiently certain as to place, in view of Code 1923, §§ 10004–10006.

**2. Railroads ⬳447(7)—Instruction denying recovery for injury to animal coming suddenly on track held properly refused, because ignoring railroad's duty to keep lookout.**

In action against railroad for killing of horse, instruction to find for railroad, if horse came suddenly upon track, and engineers used all appliances to stop train, etc., was properly refused, because ignoring duty to keep lookout.

**3. Trial ⬳253(8)—Instruction that jury could not presume that horse, killed on railroad, was plaintiff's from certain facts, was properly refused, because ignoring other facts.**

Instruction that, from fact that horse of similar color to plaintiff's was killed on defendant's railroad and plaintiff had lost horse, jury could not presume plaintiff's horse was killed, was properly refused, because not covering all facts on issue of identification.

**4. Trial ⬳253(8)—Instruction that jury could not find for plaintiff from certain facts bearing on issue of identification of horses killed by train was properly refused, because ignoring other facts.**

In action for killing of horse by railroad, instruction that jury could not find for plaintiff from facts that plaintiff owned horse which was missing, and which sometimes ran with another horse which was also missing, and that two horses of similar color were killed on defendant's railroad track, *held* properly refused, because not covering all facts on point.

**5. Railroads ⬳268—Failure of proof of receivership of railroad held waived in action for killing animal (circuit court rules 34, 35).**

In action against receiver of railroad for killing of horse by train, where engineer testified he was employed by railroad, and cause was tried on issue of liability vel non, no objection was made to evidence tending to show variance as to party suable, and court's attention was not called thereto, *held* that failure of proof of receivership was waived, warranting refusal of affirmative charge for defendant on that point, irrespective of circuit court rules 34, 35.

Bouldin, Gardner, and Thomas, JJ., dissenting in part.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action by Emma Green against B. L. Bugg, as receiver of the Atlanta, Birmingham & Atlantic Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

See, also, Bugg v. Meredith, 214 Ala. 264, 107 So. 805.

The suit is for the recovery of damages for the alleged negligent killing of a horse, the property of plaintiff, by a train of the defendant. Plaintiff's evidence tended to show that his horse and another one were seen graz-

ing around in the vicinity of the accident, and that later there were found upon the railroad track indications that a horse had been struck by a train and dragged some distance; that a pit had been dug on the right of way, and the animal buried there; and that there were horse tracks along the railroad track, leading to the place of the accident, as if the animal or animals had been running along the track in front of the train. Defendant's engineer testified that on the occasion in question, at night, he was running his engine, when he saw two horses ahead of him, some two or three car lengths off of the track, and some five car lengths in front of him, running to cross the track in front of his engine; that he applied his brakes in emergency, but could not stop the train in time to avoid hitting one of the animals and running over it; that he did not know what became of the other horse; that the track was straight ahead for some distance, and the headlight and other equipment in good condition; that he was keeping a careful lookout, and, as soon as he saw the animals, used all the means at hand to avoid running into the animals; that what he did in an effort to stop the train was all that a skillful engineer could have done; and that the train could not have been stopped in time to avoid the collision.

These requested charges were refused to the defendant:

"(4) If the jury believe from the evidence in this case that the horse came suddenly upon the track in front of the train, that the train was running about 36 miles per hour, that the train was properly equipped, that the engineer, by the use of all appliances and powers known to skillful engineers, could not have stopped said train in time to avoid hitting said horse, and that said engineer did use at the time all appliances and powers known to skillful engineers to stop said train, and avoid the accident, and that he could not, and did not, stop the train in time to avoid the accident, then your verdict must be for the defendant."

"(12) The court charges that you cannot presume that plaintiff's horse was killed on defendant's railroad by the fact, if it be a fact, that there was a horse of a similar color killed and that plaintiff had lost his horse."

"(13) The court charges the jury that you cannot find for the plaintiff from the facts, if they be facts; that plaintiff owned a horse; that he was missing; that he sometimes ran with a bay mare that was also missing; and that two horses of a similar color were killed on defendant's track."

Huey & Welch, of Birmingham, for appellant.

The allegation of the place where the accident occurred is not sufficiently definite. B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; A. G. S. v. Sheffield, 211 Ala. 250, 100 So. 125; Western Ry. v. Turner, 170 Ala. 643, 54 So. 527. Plaintiff failed to prove the material averments of the complaint, and defendant did prove that there was no negligence in the killing of the horse. The affirmative charge for defendant should have been given. Cochrane v. Fuller, 17 Ala. App. 230, 84 So. 400; N. A. R. Co. v. White, 14 Ala. App. 228, 69 So. 308; C. of Ga. v. Brister, 145 Ala. 432, 40 So. 512; C. of Ga. v. Pittman, 16 Ala. App. 567, 80 So. 141; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257. Charge 4 states a correct proposition of law, and should have been given at defendant's request. C. of Ga. v. Pittman, supra; N. A. R. Co. v. White, supra; Bugg v. Meredith, 214 Ala. 264, 107 So. 805. Likewise charges 12 and 13.

McEniry & McEniry, of Bessemer, for appellee.

The complaint was sufficient to show where the injury occurred. L. & N. v. Dumas, 209 Ala. 324, 96 So. 243. There was a waiver of proof as to the capacity in which defendant was sued. Espalla v. Richard, 94 Ala. 159, 10 So. 137; Enzor v. Rushton, 13 Ala. App. 550, 69 So. 909; McKissack v. Witz, 120 Ala. 412, 25 So. 21; circuit court rules 34, 35, Code 1923, vol. 4, pp. 906, 907; Davis v. Dawkins, 209 Ala. 45, 95 So. 188. If refused charges 4, 12, and 13 were good, they were covered by charges given for defendant, and defendant suffered no injury.

BOULDIN, J. [1] The action is in damages for killing plaintiff's horse in the negligent operation of a railway locomotive. The place of the accident is alleged in the complaint to be "in Shelby county, Ala., at or near Bamford, Ala." The demurrer challenges this as a sufficient designation of place.

The Code of 1876, § 1711, required the complaint to specify "the time when and the place where the killing or injury occurred." Construing this section, it was said:

"The place should be averred to be at a certain locality along the line of the road, describing its distance and direction from a named depot, or other known point." East Tennessee V. & G. R. Co. v. Carloss, 77 Ala. 443, 447.

This provision was repealed by omission from Code of 1886, § 1150, and later Codes. Western Ry. of Ala. v. Sistrunk, 85 Ala. 352, 5 So. 79.

In Southern R. Co. v. Hoge, 141 Ala. 351, 37 So. 439, an averment that the locomotive was being operated on a railway "over and through the county of Etowah, from Rome, Ga., to Attalla, Ala.," was held sufficient against apt demurrer.

In Nashville, C. & St. L. Ry. v. Bingham, 182 Ala. 640, 62 So. 111, the place was averred to be on defendant's railroad "in this county, leading north from Huntsville." Held sufficiently definite and certain as to place.

In Western Ry. of Ala. v. Stone, 145 Ala. 663, 39 So. 723, the averment was "at or near Stone's Tank in the county of Montgomery."

Held sufficiently definite as to place to put the defendant on notice.

In Western R. of Ala. v. McPherson, 146 Ala. 427, 40 So. 934, the place was laid "within or near the corporate limits of Lanett, Ala., in said [Chambers] county, within one-fourth mile of a public road crossing." Held not subject to demurrer for failure to "show with sufficient certainty where the alleged injury occurred."

In Louisville & N. R. Co. v. Dumas, 209 Ala. 324, 96 So. 243, cited by appellee, the report of the case does not disclose the grounds of demurrer. The original record shows the demurrer was general, and did not raise the question here involved.

Under this line of cases the complaint in the present case was sufficient.

In Western Railway of Ala. v. Turner, 170 Ala. 643, 54 So. 527, the averment of place in counts 2 and 3 was "in Macon county, Ala." The court said:

"Good pleading should require a more specific designation of the place of killing the mule than is set out in counts 2 and 3 of the complaint, but this point, while argued, is not raised by the demurrers."

In Alabama G. S. R. Co. v. Sheffield, 211 Ala. 250, 100 So. 125, the averment of place was "in the Northern judicial division of St. Clair county, Ala., through and near Caldwell in said county." The court said:

"The defendant was not properly acquainted of the place of injury, so as to prepare the defense, as was pointed out in the Turner Case, supra."

In Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661, the injury was averred to be "at a point about three miles from Sylacauga in said county." Held the place was not stated with sufficient certainty. citing the Turner and Sheffield Cases above. The Sheffield and Whitley Cases are not in harmony with the earlier line of cases noted above.

Dealing with the matter on principle, the action being personal and transitory, the place of the accident is not an element of the cause of action. If special duties are enjoined at places named by statute, and liability based upon such statute, the complaint must bring the case within the statute by averment of place. Such is not the case here.

The averment of time and place, therefore, in actions of this sort is to identify the event or occurrence made the basis of the action in such manner as will give reasonable notice to defendant; such notice as will enable defendant to investigate his alleged liability, and prepare his defense, if any he has. This is the purpose of the averment recognized in our cases under the statute of 1876 and since its repeal.

Matters within the knowledge of defendant or of agents for whose acts it is answerable need not be averred with the same particularity as when peculiarly within the knowledge of plaintiff.

Our statutes require the section master on whose section live stock is killed or injured to promptly notify the owner, or, if unknown, a justice of the peace, and cause the value of stock killed, or the amount of the injury, to be assessed or appraised. Code, §§ 10004–10006. Certain duties in the disposal of the bodies of animals killed are prescribed by the sanitary laws. Code, § 3223. The trainmen are required to keep a lookout for live stock on the track.

In view of the knowledge thus imputed to defendant's agents, we think a complaint showing that a described animal was killed about at a named date at or near a named station gives sufficient notice, and is not subject to demurrer for uncertainty as to place. It is not to be supposed that animals of like description are killed about the same date in a zone covered by a passing train within a short period of time in such numbers as to render it impractical to defend the particular case.

The Stone Case, supra, on all fours with the case at bar, has stood as the law unreversed for some 20 years. The Hoge and Bingham Cases approved less certain designations of place. We are not disposed to overrule this line of cases. See general rule elsewhere, 33 Cyc. 1260. Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126. The Turner Case, supra, is clearly distinguishable from the case at bar. The location of an accident within a given county merely may cover several railroad sections, stations, and neighborhoods.

The cases of Alabama G. S. R. Co. v. Sheffield, 211 Ala. 250, 100 So. 125, and Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661, should, in the opinion of the writer, be overruled on the point under discussion.

The suit was brought, and judgment recovered against "B. L. Bugg, as receiver for the Atlanta, Birmingham & Atlantic Railway." The evidence tended to show the horse was killed by a locomotive operated over this railroad. The engineer whose negligence was relied upon testified that he was at the time in the employ of the "A., B. & A."

Appellant here insists that the affirmative charge should have been given for failure to prove the defendant was receiver, was operating the road as such, and responsible for the negligence of trainmen. Prior to circuit court rules 34 and 35, it was held such variance or omission entitled defendant to an affirmative instruction. McGhee v. Cashin, 130 Ala. 561, 30 So. 367.

The cause was tried on the issue of liability vel non. No objection was made to the evidence tending to show a variance as to the party suable in the action; and the attention

of the trial court was not called to such variance or omission. The writer thinks the case comes within rules 34 and 35. B. F. Kay & Son v. Ala. Cotton & Grain Co., 211 Ala. 454, 100 So. 863; Davis v. Dawkins, 209 Ala. 45, 95 So. 188.

The case of Ferrell v. Ross, 200 Ala. 90, 75 So. 466, bears some analogy to this. There the suit was against the individual, and judgment rendered accordingly, while the evidence showed that, if liable at all, it was in his capacity as receiver. It was held a proper case for setting aside the verdict on motion for new trial.

Stress was laid upon the fact that the judgment ran against the property of the individual, subjecting his property to the payment of the debt of another. Here the judgment runs against the property of the railway company in either event. As rendered, it can be collected only as demands against receivers are collected. No question having been raised as to the receivership according to the rules, the trial court will not be put in error in assuming such fact was admitted.

In the companion case of Bugg, Receiver, etc., v. Meredith, 214 Ala. 264, 107 So. 805, an action for the killing of another horse at the same time and place, a summary of the evidence appears which we adopt by reference as applicable also to this case.

There was no such want of conflict in the evidence, and the inferences arising therefrom, as would warrant the giving of the affirmative charge for defendant; nor was the verdict so unsupported by the evidence as to call for a reversal of the ruling on motion for new trial.

[2] Charge 4, refused to defendant, ignores the duty to keep a lookout.

Given charges 5, 9, and 18 fully cover the law of the case as applied to defendant's version of the facts.

[3, 4] Refused charges 12 and 13 invite a verdict on the weakness of plaintiff's evidence in identification of her horse as one of the killed. They are faulty in failing to cover all the facts on that point, such as the presence of the two horses in that neighborhood shortly before, the present disappearance of both, some evidence identifying the cropped foretop of plaintiff's horse, and the absence of evidence that any other horses than those were killed or missing. We find no reversible error in the rulings upon the admission of evidence.

All the Justices concur in the affirmance of the judgment, and concur in the opinion, except as hereinafter shown, viz.:

[5] The majority, composed of ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., hold, and it is the decision of the court, that under the circumstances disclosed proof of the receivership was waived on the trial, and that af-

firmative charge, as for such failure of proof, was properly refused on the ground of waiver, and not by reason of circuit court rules 34 and 35.

Justices THOMAS and the writer take the view that these rules are based upon, and are expressive of, the doctrine of waiver in such cases.

The majority, composed of ANDERSON, C. J., SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., hold, and it is the decision of the court, that the case of Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661, is distinguishable in principle from the present case, and is not disturbed; and that the cases of Southern R. Co. v. Hoge, 141 Ala. 351, 37 So. 439, and Nashville, C. & St. L. Ry. v. Bingham, 182 Ala. 640, 62 So. 111, being at variance with the Whitley Case, are now disapproved.

Justices GARDNER and the writer dissent from this view, and think the earlier cases should not be disturbed.

Affirmed.