(134 So. 630)

## JONES v. KEITH.

### 6 Div. 620.

Supreme Court of Alabama.

May 14, 1931.

H. H. Grooms and Coleman, Coleman, Spain & Stewart, all of Birmingham, for appellant.

Ross, Bumgardner, Ross & Ross and Huey, Welch & Stone, all of Bessemer, for appellee.

THOMAS, J.

The suit was for damages for personal injury; went to the jury on count 1, and judgment was for the defendant. The defendant pleaded the general issue, in short by consent. Demurrer was sustained to the wanton count No. 2. There was motion for a new trial that was overruled.

The difference between simple negligence and wantonness as a proximate cause of injury is well understood. If there was evidence to sustain a count based on the latter theory, a verdict and judgment for defendant on the simple negligence count did not correct error, if such there was, in sustaining demurrers to a sufficient wanton count. Culverhouse v. Gammill, 217 Ala. 137, 115 So. 105; Sington v. B. R., L. & P. Co., 200 Ala. 282, 283, 76 So. 48; McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 So. 992.

Conceding, without deciding, that the count was sufficient in law and not subject to demurrer (Feore v. Trammel, 212 Ala. 325, 102 So. 529) otherwise than as to the "place where," the question therefore recurs, Was

the place of the accident sufficiently declared? Western Railway of Alabama v. Turner, 170 Ala. 643, 54 So. 527. The lack of sufficient averment as to this fact is challenged by appropriate grounds of demurrer. The authorities are collected and reviewed in Bugg v. Green, 215 Ala. 343, 110 So. 718, as to the sufficiency of a count claiming damages for the killing of stock, and required certainty "as to place" in order to give the required information to the defendant to enable a proper preparation for the defense. Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661; Western Railway of Ala. v. Turner, supra; Alabama Great Southern R. Co. v. Sheffield, 211 Ala. 250, 100 So. 125; Weller & Co. v. Camp, 169 Ala. 275, 52 So. 929, 28 L. R. A. (N. S.) 1106; Posey v. Hair, 12 Ala. 567.

In the case at bar the only allegation of "place where" is "on a public street in Jefferson county, Ala., to-wit, Valley Road, in or near the City of Fairfield."

The suit in Ruffin Coal & T. Co. v. Rich, 214 Ala. 622, 108 So. 600, 602, was for personal injury, and the declaration employed as to the place where was "along Second avenue, at or near Fourth street, in the city of Birmingham," which was held sufficient. Birmingham Railway, Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024; Birmingham Railway, Light & Power Co. v. Fox, 174 Ala. 657, 666, 56 So. 1013; Armstrong, Adm'x, v. Montgomery Street Ry. Co., 123 Ala. 233, 26 So. 349; Liverett v. Nashville, Chattanooga & St. L. Ry., 186 Ala. 111, 65 So. 54.

█ Though count 2 charged wantonness in the manner done, the place where was unimportant as judging defendant's conduct as is set up. The demurrer was not properly sustained; the complaint was not subject to objection of uncertainty in this respect. The other grounds of demurrer worthy of consideration are:

"For that wilful, wanton or intentional conduct is alleged therein as the mere conclusion of the pleader unsupported by a sufficient statement of facts to warrant the conclusion."

"For that it is not made to appear therefrom that defendant, in the acts of his that are complained of, was conscious of the probable peril of plaintiff and that defendant's said acts could and probably would result in injury to plaintiff."

In Southern Railway Co. v. Weatherlow, 153 Ala. 171, 176, 44 So. 1019, 1021, the court said: "The charge is, not that the injury was wantonly inflicted, but that the defendant's servants 'wantonly and recklessly propelled its said engine and tender on its track over a certain public crossing or street,' etc. It omits to charge knowledge on the part of the defendant's servants of the conditions and surroundings existing at the time and place, and a consciousness on their part that such conduct would likely or probably result in injury. The facts stated constituted the count nothing more than a count in simple negligence. Lee's Case, 92 Ala. 262, 9 So. 230; Anchors' Case, 114 Ala. 492, 22 So. 279, 62 Am. St. Rep. 116; M. & C. R. R. Co. v. Martin, 117 Ala. 367, 23 So. 231; L. & N. R. R. Co. v. Brown, 121 Ala. 221, 25 So. 609; L. & N. R. R. Co. v. Mitchell, 134 Ala. 261, 32 So. 735."

And in Woodward Iron Co. v. Finley, 189 Ala. 634, 636, 66 So. 587, is the declaration: "Under the authority of Sou. Ry. Co. v. Weatherlow, 153 Ala. 171, 176, 44 So. 1019; Neyman v. A. G. S. R. R. Co., 172 Ala. 606, 55 So. 509, Ann. Cas. 1913E, 232; B. R., L. & P. Co. v. Brown, 150 Ala. 327, 43 So. 342, among others cited therein, count 5 of this complaint, which the reporter will set out, was subject to the demurrer interposed. It was erroneously overruled. Wanton or intentional misconduct in doing an act is not the legal equivalent of that character of misconduct inflicting an injury upon another. This count, without averring the engineer's knowledge that plaintiff, a licensee, was on the car, alleges that the engineer 'wantonly, or willfully, or intentionally wrecked and derailed said tram cars upon which plaintiff was riding into the said mine.' Obviously, this averment characterized the act, not the injury, as wanton or willful."

In Alabama Great Southern Railroad Co. v. Smith, 191 Ala. 643, 644, 68 So. 56, 57, the court said: "The averments of the count only characterizes the act or omission, 'causing or permitting a collision,' as willful or wanton, and then describes the effect of the act or omission, which alone is characterized as having been done or suffered willfully or wantonly. This effect may have ensued, as doubtless it did, from the act or omission of the character the pleader avers, and yet the operative so charged may not have intended injury to the plaintiff, or may not have been consciously indifferent to the known consequences to probably flow from the act or omission. The injury is shown by the count to have been consequential only, not direct or immediate. It is not averred that, in causing or permitting the collision, the defendant's servant intended to overturn the car of coal on plaintiff or intended in any wise to injure plaintiff."

See, also, Jackson v. Vaughn, 204 Ala. 543, 544, 86 So. 469, 470, and authorities, as to the averment of the quo modo of wanton or willful injury by the defendant to plaintiff. Of this it is there said: "For this reason count 2 comes within the class of condemned counts, for insufficiently attempting to set forth the facts relied upon to show wanton or willful injury, when the facts averred do not support the conclusion of the pleader as

to such wantonness or willfulness. Knight v. Tombigbee Valley R. R. Co., 190 Ala. 140, 67 So. 238; Yarbrough v. Carter, 179 Ala. 356, 60 So. 833."

The demurrer was properly sustained to count 2 for the intentional misconduct that is averred was of the act and not the injury. See, also, Alabama Power Co. v. Gooch, 221 Ala. 325, 128 So. 793.

We come to the decision of questions presented on the trial had on the simple negligence count. There was no error in the refusal of charges we denominate A, B, C, and D, since they were covered by the oral charge. The issues of fact were properly submitted to the jury, and there was no error in the refusal of the general affirmative instructions requested. The locus in quo at the time of the injury, the condition of the street and the weather, the several statements as to the speed at which defendant approached, and the location and speed of the street car, its visibility as or not affected by the several parked cars and the approaching street car, what defendant did or omitted to do in the premises, were all important facts that entered into the material questions submitted and decided by the jury.

The several assignments of error predicated on the giving for defendant charges A-34, 37, 38, 39, 40, and 41 are now to be considered. This court has held that, where certain items of expense have been paid and no expenditure by, or liability attaching to, plaintiff, such expense could not be charged and collected by way of additional damages. Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276; Travis v. L. & N. R. Co., 183 Ala. 415, headnote 9, 62 So. 851. The charges were predicated on phases of evidence admitted without objection, and were not the unnecessary injection of the issue vel non of compensation insurance by the employer of plaintiff, as insisted by appellant. Moreover, the court had likewise instructed the jury in the oral charge, and no exceptions were reserved as to such instructions.

The several objections and exceptions to the introduction of evidence have been considered; that is to say, that the witness Shadrick was sought to be asked: "How far could you see then from the crest of that rise on down towards Bessemer?" The question was competent under Morgan Hill Paving Co. v. Fonville (Ala. Sup.) 130 So. 807; [1] Republic I. & S. Co. v. Passafume, 181 Ala. 463, 61 So. 327; Alabama Great Southern R. Co. v. Linn, 103 Ala. 134, 15 So. 508. However, the witness had testified that he saw the wrecker there after the wrecked car; that it was 200 yards to the crest of the rise from the wrecked car; that, after you proceed beyond the rise, the track starts gradually

[1] 222 Ala. 120.

down; from the crest of the hill to the Dodge car was practically straight, and on some distance below and then a gradual curve from approximately the intersection of the street; that he judged about 300 feet from the crossing, and could see from 75 feet on further beyond the street intersection down to this; that the wrecked car was in the curve; that witness judged it was something like 300 feet from where the Dodge was wrecked to where it would be out of sight to witness on his car; that you could see those cars from the intersection or cross street all the way down to Hillside drive for about 400 feet from the cross street to Hillside drive. The witness gave the facts on which such visibility depended, and there was no reversible error committed in the ruling above indicated.

There was no error in permitting the witness to testify whether or not he was excited when he saw the situation. It called for a physical fact that could not have been better expressed. Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 563, 122 So. 686; Gassenheimer v. State, 52 Ala. 313.

There was no error in overruling appellant's objection to the following question propounded to the appellee, S. Palmer Keith: "I will ask you to state whether or not you did on that occasion the most effective things to stop your car?" to which action of the trial court the appellant then and there duly reserved an exception. It was the issue being tried and to be answered by the verdict from the evidence and reasonable inferences to be drawn. Taylor v. Lewis, 206 Ala. 338, 89 So. 581; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; Sommer v. Martin, 55 Cal. App. 603, 204 P. 33; Landry v. Hubert, 100 Vt. 268, 137 A. 97; Johnston v. Bagger, 151 S. C. 537, 149 S. E. 241; Stinson v. Payne, 231 Mich. 158, 203 N. W. 831. However, the witness was an experienced driver. It should be stated that an expert duly shown to be qualified may give an opinion by way of conclusion from a specific knowledge of the facts or in response to hypothetical questions. Alabama G. S. R. Co. v. Linn, supra; Burton & Sons v. May, 212 Ala. 435, 440, 441, 103 So. 46; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 581, 119 So. 610; Id. (Ala. Sup.) 130 So. 807; Choate v. Southern Ry. Co., 119 Ala. 611, 24 So. 373; Alabama G. S. R. Co. v. Burgess, 119 Ala. 555, 25 So. 251, 72 Am. St. Rep. 943; Reaves v. Maybank, 193 Ala. 614, 621, 622, 69 So. 137, and authorities.

When all of the evidence is considered, it shows that defendant had driven automobiles for fifteen years, and from this long experience in driving cars, his knowledge of the condition of his car, and that of the street at the time in question, he had the required knowledge and experience in the matter that was not possessed by one not so experienced;

he was therefore qualified and properly allowed to answer the foregoing question.

There was no error in overruling motion for new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

