**MOBILE PURE MILK CO. v. COLEMAN.**

**1 Div. 188.**

Court of Appeals of Alabama.
March 19, 1935.

Rehearing Denied April 16, 1935.

Wm. H. Cowan and Geo. S. Taylor, both of Mobile, for appellant.

Gordon, Edington & Leigh, for Mobile, for appellee.

SAMFORD, Judge.

The complaint was in two counts, both claiming damages from defendant by reason of the negligent operation of an automobile on the highways of Mobile county, at a point near defendant's plant, by an agent, etc., of defendant while acting within the line and scope of his employment. The point is made by demurrer that the designation of the place of the accident is too indefinite to apprize the defendant of its location. The description of the place in the complaint is: "On and along the Fulton Road, one of the public highways of the City and County of Mobile, and at a point near defendant's plant on said road." This is a very different and much more specific description than was the case in Western Ry. of Ala. v. Turner, 170 Ala. 643, 54 So. 527; Alabama G. S. Ry. v. Sheffield, 211 Ala. 250, 100 So. 125, and Louisville & N. R. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661. Nor are we impressed with the contention that the allegation, "The defendant, acting by and through its servant, agent or employee, and who was then and there acting within the line and scope of his employment," does not charge the defendant with the wrong alleged in the complaint. The demurrer to the complaint was properly overruled.

The principal insistence made by appellant in its brief is that the trial court committed reversible error in refusing to grant appellant's motion for a new trial on the ground that the verdict of the jury was contrary to the great weight of the evidence. The suit grew out of a collision between an automobile driven by plaintiff's husband and one driven by L. G. Barman, the manager of defendant's milk plant in Mobile, Ala. On the question of negligence vel non and liability therefor, the evidence was in conflict, and the questions arising out of this phase of the case were properly submitted to the jury.

The question of serious inquiry on this appeal is as to whether the facts justify the fixing of a liability for the injury on this appellant, the Mobile Pure Milk Company, by reason of the general agency of Barman, the manager of its plant. The facts are that Mrs. Leo Barman, the wife of Barman, defendant's manager, owned a Durant automobile, being the one Barman was driving at the time of the accident. This Durant car was used by Barman in and about the business and service of defendant as occasion might require. In serving defendant as manager, Barman had his office at the plant, and from time to time he went to various parts of the city transacting the business of defendant. The Durant car was insured in the name of defendant on the order of Barman, and defendant furnished the gas and oil to run it. Being the manager of the plant, Barman went and came at will, using his best judgment as to what he should do and when he should do his work, in furtherance of defendant's interest. There is just a scintilla of evidence tending to prove ownership of the Durant car in defendant, but evidence to the contrary is so overwhelming that we do not hesitate, in considering the motion for a new trial, to hold that the jury would not be justified, from the whole evidence, in holding that the ownership of the car was in defendant.

On the day of the accident and while Barman was in and about his duties as manager of defendant's plant and which duties were at that time at the defendant's plant, Barman's wife called him to go on a private mission with her. Answering the call of his wife, Barman stepped aside from the service of defendant to the Durant car, carried his wife where she wished to go, waited for her to finish what she had to do, and then carried her home, leaving her there, and in the car and still driving it he started back to his work at defendant's plant, and when he got to a point

on the Fulton road, near the defendant's plant, and had started to turn across the road to the plant, the collision occurred. Was Barman at that time a servant, agent, or employee, acting within the line and scope of his employment; or was he still on a private mission, having stepped aside from his employment?

■ Whether the title to the Durant car was in Mrs. Barman or defendant is of no moment in this appeal. It appears, without dispute, that with her knowledge and consent the car was being generally used by Barman, defendant's manager, in and about the business of defendant and to give defendant possession and control of the car, through its manager, at all times. This was shown by the testimony of defendant's witnesses and by the insurance policy procured by Barman, as manager for defendant, in which policy the car was listed as the property of defendant. Under the facts of this case, the Durant car being used unreservedly in the business, the same administrative presumption as to the agency of the party operating the car and that he was acting within the line and scope of his authority obtained. United Wholesale Grocery Co. v. Minge Floral Co., 25 Ala. App. 153, 142 So. 586.

■ While this presumption is rebuttable, we are of the opinion that the facts of this case bring it within the influence of Blackmon v. Starling, 222 Ala. 87, 130 So. 782, where our Supreme Court holds, where there has been a deviation or departure from the master's business and the scope of the agent's employment, and where such personal purpose and benefit has been fully accomplished and the agent is in the process of returning to the sphere of his employer's business, the question as to whether he is acting within the line and scope of his employment and his master's business is a question for the jury, under appropriate instructions from the court. We have examined the case of Hill v. Decatur Ice and Coal Company, 219 Ala. 380, 122 So. 338, which may be differentiated from the instant case in that in the Hill Case the servant was an engineer whose duties called him at certain hours and when the accident occurred it was the servant's lunch hour and he had gone on that mission, which was his own and he was not expected or required to be on duty until after that hour was over, and he was driving a car which defendant was not obligated to furnish him. In the instant case Barman was the manager, and while he previously went on his own mission during hours in which he should have been attending to defendant's business, he had completed the private mission and returned to his duties as manager. Other cases cited by appellant in brief may be more easily differentiated, in that the accidents occurred while the agent was in pursuit of the deviating mission.

■ As an independent proposition the introduction in evidence of a policy of liability insurance is not admissible in evidence, and its admission over timely objection of defendant would constitute reversible error. The above is the general rule, but there are exceptions, and one of the exceptions is presented in this case. The witness Barman, manager of defendant's plant, had testified that the Durant car, which he was driving, was the property of his wife, which fact if true would have changed the administrative presumption of agency from defendant to Mrs. Barman. The policy having been procured by Barman as manager for defendant and containing a statement of ownership in defendant was admissible (1) as tending to contradict the testimony of Barman, (2) as tending to prove ownership or a possessory interest of the car in defendant.

On the question of the refusal of the court to grant a new trial on the ground that the verdict is contrary to the great weight of the evidence, we are met with the decision in Cobb v. Malone, 92 Ala. 630, 9 So. 738, and the many decisions following that case. We also come face to face with the opinion in Blackmon v. Starling, supra, which holds that when the servant is returning to his duties after having stepped aside from his employment, the question of agency is for the jury. In view of the foregoing opinions as applied to the facts of this case, we must hold that the trial judge did not err in overruling the motion for a new trial.

Many of the specific assignments of error are not argued and are therefore waived. Others have been examined and found either free from error or that the rulings on same are free from injury to appellant's cause.

We find no error in the record, and the judgment is affirmed.

Affirmed.